SCHLIESS v. THAYER.

1. Husband and Wife—Estates by Entireties—Bill in Aid of Execution.

Land bought on contract by husband and wife jointly, and held by the entireties, having been paid for in part before the husband incurred a debt, later reduced to judgment, could not be levied upon and subjected to his debt, where the only payments made after such debt was incurred were made by the wife from her separate funds.[1]

2. Same—Estoppel.

Complainant's claim that the wife told him at the time he gave credit to her husband, that the latter owned the land, was properly held by the trial court not to be sustained by the evidence, which was in conflict, both husband and wife disputing complainant's testimony.

Appeal from Kent; McDonald, J. Submitted April 2, 1912. (Docket No. 2.) Decided May 31, 1912.

Bill by K. Ludwig Schliess against Franklin M. Thayer and Alice M. Thayer, in aid of execution. From a decree for defendants, complainant appeals. Affirmed.

*Everett D. Comstock*, for complainant.

*Lombard & Hext*, for defendants.

Stone, J. In this case the bill of complaint was filed in aid of execution. On March 7, 1906, as appears by the date of the bill of sale which was in evidence, the defendant Franklin M. Thayer bought from the complainant a secondhand automobile for the sum of $203, payable $103 on March 12, 1906, and $100 by note. Before the $103 had been paid by the defendant Thayer, he claimed that he had discovered that he had been defrauded as to the character and value of 'the automobile, and

---

[1] Liability of estate by entireties for husband's debts, see note in 36 L. R. A. (N. S.) 205.

he refused to pay. Complainant, as plaintiff, brought · suit in the circuit court and recovered judgment for the amount, with costs. Later, defendant Thayer gave a note for the balance remaining due upon the judgment. This note was not paid at maturity, and complainant, as plaintiff, brought suit upon this note in justice's court, and on December 31, 1906, recovered a judgment against defendant Thayer for $108.15, including costs. A transcript of this judgment was filed in the circuit court on May 16, 1907, and on the same day an execution was issued upon this transcript judgment, and on June 10, 1907, a levy was made on that part of lot 43 of Cumming & Ferry's addition to the city of Grand Rapids, which is involved in this suit. At the time this levy was made, the title to the premises in question stood in the names of Franklin M. Thayer and Alice M. Thayer, husband and wife, as tenants by the entireties, or with right of survivorship.

The history of this property is, briefly, as follows: On September 16, 1901, the defendants, as husband and wife, bought the premises from one Albert Stonehouse, on a land contract; the purchase price being $625. They held the same by virtue of this contract until March 21, 1906, when Stonehouse and wife conveyed it to them, as husband and wife, in pursuance of the terms of the contract. The land contract with the indorsement of 48 payments made thereon appears of record, and it is undisputed that the last payment, before the final payment, indorsed thereon bears date February 18, 1906, being before the purchase of the automobile.

It seems to us that there are but two questions involved here:

(1) Did the defendant Franklin M. Thayer, at the time of the levy on June 10, 1907, have any such interest in the premises as should subject the same to the payment of his individual debt to complainant?

(2) Did the defendant Alice M. Thayer make such representations concerning the title to said premises, at the time of the purchase of the automobile, and the giving of

the original credit to her husband, as should now estop her from claiming title to the property, as against com· plainant's levy?

1. It should be borne in mind that the original indebtedness was incurred on March 7, 1906. The evidence is undisputed that by this record the only payment ever made upon this property, after March 7, 1906, was made by the wife with her own money on March 21, 1906, at the time the deed was made by Stonehouse and wife to the defendants. The evidence is undisputed that Mrs. Thayer obtained this money from an endowment of $500 received by her from the National Protective Legion, on a policy which she carried in that organization, and which she maintained in her own right It seems clear to us that property held by husband and wife by entireties, before or at the time the husband incurs a debt, cannot be reached for the satisfaction of that debt. If, however, after the incurring of a debt, a husband uses his individual assets in payment for property held by himself and wife by the entireties, the property, to the extent of that subsequent investment, might in some instances be reached for the satisfaction of that debt. It seems clear that, at the date of the levy, the defendant Franklin M. Thayer had no such interest in the premises here involved as would subject them to the payment of his individual debt incurred on or after March 7, 1906.

We do not think that the facts here stated bring the case within the authorities relied upon and cited by counsel for complainant.

2. It is claimed by complainant that, at the time of the purchase of the automobile by defendant Franklin M. Thayer, the defendant Alice M Thayer stated and represented to complainant that Franklin M. Thayer owned the property in question, and that she is now estopped to deny this representation. Whether or not this occurred is a question of fact. Both defendants denied that any such statement or representation was ever made. There was a sharp conflict in the evidence upon this subject.

The witnesses were examined in open court, and the circuit judge had the advantage of seeing and hearing the witnesses testify.   He distinctly found against the claim of the complainant on this question, and found as matter of fact that the defendant Alice M. Thayer did not make any such statement or representation.   A careful reading of the record confirms us in the correctness of this finding and conclusion.   Such statement or representation, if made by Alice M. Thayer, would not necessarily be binding upon the defendant Franklin M. Thayer, nor change his relation to the property.

By their answer and cross-bill, the defendants prayed that the levy of execution on their premises, being a cloud upon their title, should be discharged and removed, and the decree below so ordered.

The decree of the circuit court is affirmed, with costs to defendants.

Moore, C. J., and Steere, McAlvay, Brooke, Blair, and Ostrander, JJ., concurred.   Bird, J., did not sit.