MOORE *v.* VAN GOOSEN.

1. BANKRUPTCY—FRAUD OF CREDITORS—TENANTS BY ENTIRETIES.
   Where labor and materials were furnished to bankrupt for improving property held by him and wife by entireties, and they were so used by him, creditors furnishing same may not complain that he thereby defrauded them.

On liability of estate by the entirety for husband's debts, see 36 L. R. A. (N. S.) 205.

2. Same—Selling on Contract Property Held by Entireties—Husband and Wife.

Where bankrupt and wife sold land owned by them by entireties, and took back contract to themselves as vendors and as tenants by entireties, contract interest was held in same manner and subject to same law as land itself, so that change from fee to contract interest was without advantage to bankrupt's creditors.

3. Husband and Wife—Fraudulent Conveyances—Bankruptcy.

Mere exchange of one entirety property beyond reach of creditors for other entirety property beyond reach of creditors is not fraud upon them.

4. Bankruptcy—Husband and Wife—Tenants by Entireties.

Where property held by bankrupt and wife as tenants by entireties was sold and funds reinvested in other property held by them by entireties, with nothing to show that funds lost their character as entirety property before being reinvested, creditors of bankrupt may not reach said property on theory that it became personalty, and one-half belonged to him.

5. Same—Mortgaging Entirety Property Did Not Effect Transfer—Fraudulent Conveyances.

Where property held by bankrupt and wife as tenants by entireties was mortgaged, and money so obtained was used to improve said property, creditors of bankrupt may not reach it on theory that money so received was personalty and one-half belonged to him, since transfer of property was not effected out of which creditors could realize.

Appeal from Kent; Dunham (Major L.), J. Submitted October 16, 1929. (Docket No. 113, Calendar No. 34,584.) Decided March 7, 1930.

Creditors' bill by Cornelius W. Moore, as trustee of the estate of Henry Van Goosen, bankrupt, against Henry and Clara Van Goosen to reach assets held by entireties. From decree dismissing bill of complaint, plaintiff appeals. Affirmed.

*Charles F. Hext,* for appellant.

CLARK, J. Plaintiff, trustee in bankruptcy, by creditor's bill seeks to reach property of the bankrupt, Henry Van Goosen, title to which is held by him and his wife by entireties. From decree dismissing bill, plaintiff has appealed.

Defendants owned houses and lots as tenants by entireties. They sold some of them on land contracts in which they, as vendors, were described as tenants by entireties. In exchange they took the lot in question again by like holding. To put up a building on this lot they transferred their interest in a land contract for building material. They collected remainder due on the contracts in cash, and they sold remaining lot of former holding for cash, the net of all of which was used to pay for labor and materials in the building. This building and lot, sought to be reached, is practically all the property they have. It is worth nearly $15,000. Three of the creditors furnished materials to the bankrupt on his personal credit which went into construction of a house or houses on the former lots. Two of the creditors furnished to the bankrupt on his personal credit labor and material which went into the building on the lot in question. The total of labor and material provided by the bankrupt and used in improving entirety property was $2,214.06. None of these creditors could have filed or enforced a mechanic's lien, as there was no contract with the owners, tenants by entireties. Pleadings show these creditors furnished labor and materials to bankrupt for improving entirety .property. The labor and materials were so used. When bankrupt used such labor and materials for the very purpose for which these creditors furnished them, they will not be heard to complain that he thereby defrauded them. *Turner* v. *Davidson*, 227 Mich. 459.

Plaintiff urges that the (defendants') vendors' interest in the land contract, exchanged for material for the building, was personalty, citing *Detroit Trust Co.* v. *Baker,* 230 Mich. 551; *Bowen* v. *Lansing,* 129 Mich. 117 (57 L. R. A. 643, 95 Am. St. Rep. 427), in which the evidence not showing otherwise, it is presumed their interests were equal, and that therefore the one-half interest of the bankrupt, so exchanged, may be reached by creditors. Defendants sold entirety property. They took back a contract to themselves as vendors and as tenants by the entirety. Their contract interest was held in the same manner and subject to the same law as the land itself, and the change from the holding in fee to an interest as vendors was without advantage to creditors. *Dickey* v. *Converse,* 117 Mich. 449 (72 Am. St. Rep. 568); *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468.

It is also urged that the part of the consideration for the sale of the former entirety property paid in cash and reinvested in the entirety property sought to be reached was likewise, the evidence not showing otherwise, owned by defendants equally, that it was personalty, and that the bankrupt's one-half interest, so invested, may be reached. The consideration named in the contracts of sale was payable to the defendants, vendors, as tenants by entireties. There being no evidence on the matter, presumably it was so paid. Whether paid by check, draft, or in money, the record does not disclose. By agreement, arrangement, or contract between them, defendants might hold such funds by entireties. *Detroit & Security Trust Co.* v. *Kramer, supra.* The mere exchange of one entirety property beyond the reach of creditors for other entirety property beyond the reach of creditors is not a fraud upon them. *First*

*State Bank* v. *Wallace,* 201 Mich. 673. The funds arose upon sale of entirety property, and were paid to the tenants by entirety. They were reinvested in entirety property. The evidence tends to show that the funds were held by entireties. There is nothing to indicate that the funds, entirety property at their inception, lost their character before being reinvested in the entirety property in question. We see no advantage to plaintiff in this regard.

Defendants mortgaged to a bank the property in question, and the money thus obtained by them was used toward constructing the building. Making the same argument as in the matter just above discussed, plaintiff contends that he may have access to one-half of the sum obtained on the mortgage and so used, citing *First State Bank* v. *Wallace, supra.* The argument is answered by what has been said relative to funds obtained on the sale, above considered. Beyond that nothing has been paid on the mortgage. Its existence has not increased bankrupt's interest in the property. It has not effected a transfer of property out of which creditors could have realized.

One creditor in a small amount became such subsequent to all the matters stated, and as to it no fraud is shown. For it plaintiff can have no relief.

The decree is affirmed, with costs to defendants.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.