## STATE ex FULTON v HEINRICH

Ohio Appeals, 6th Dist, Lucas Co

No 2931.   Decided June 4, 1934

John W. Bricker, Attorney General, Columbus, Morris J. Meyer, Assistant Attorney General, Cleveland, and Raymond L. Green, Toledo, for plaintiff in error.

Smith, Beckwith, Ohlinger & Froehlich, Toledo, and Frederic H. Wolf, Wauseon, for defendant.

## OPINION

By RICHARDS, J.

This is a proceeding in aid of execution brought by the Superintendent of Banks against John D. Heinrich, in which garnishment papers were served upon The Great Lakes Sugar Company, claiming that it was indebted to the defendant. The trial resulted in an order and judgment that The Great Lakes Sugar Company be released from the process of the court and that it pay to the defendant, Heinrich, the amount owing by it. From that order and judgment error is prosecuted to this court. We have no doubt that such an order is a final order from which error may be prosecuted.

The facts in this case are not controverted and are set out in a short bill of exceptions and a stipulation contained therein. The Great Lakes Sugar Company is a Michigan corporation authorized to do business in Ohio. A written contract was made between Heinrich and that company on May 5th, 1932, by the terms of which Heinrich agreed to raise sugar beets on certain Michigan land and to deliver the same at the company's factory in Blissfield, Michigan. Both of the parties to this contract resided in Michigan; the contract was made in Michigan, the beets were grown in Michigan, the contract was performed in Michigan, and payments to be made for the beets were to be made in that State. It is undisputed that the land on which the beets were grown was owned by Heinrich and his wife as tenants by the entireties under the law of Michigan. It is apparently conceded by plaintiff in error that, if the action were brought in Michigan, the garnishment could not be maintained by reason of the Michigan law, and the interpretation thereof by the Supreme Court of that state. It is contended, how-

ever, that the Michigan law is anomalous and not in accordance with the law of Ohio and ought not to be enforced in this state under the doctrine of comity. Under the law of Michigan, there seems to be no doubt that where land is owned by a husband and wife by entireties, the crops grown thereon and the proceeds thereof can not be reached on execution or other process by creditors seeking to reach the same to satisfy the individual debt of the husband. The exempt character of the property arises from the inherent nature of the title of tenants by the entireties under the Michigan law which was duly proved in the trial court.

The record discloses that a part of the price of the beets was duly remitted to Heinrich by check drawn at the Toledo office of The Great Lakes Sugar Company and mailed to Heinrich at his address in Michigan, and that there remained due as a balance for the price of the beets the sum of $308.32. When this proceeding was brought and service made upon The Great Lakes Sugar Company, that company was about to send a check from its Toledo office to Heinrich for the balance due, directed to him at his residence in Blissfield, Michigan. The situation is, then, that the company was indebted for the balance due on sugar beets grown on the land held by the husband and wife in entireties. This indebtedness constituted a chose in action and was sought to be reached by this proceeding in aid of execution.

In the case of Dickey v Converse, 117 Mich., 449, it was ruled as follows:

"In the absence of any agreement between tenants by entirety, as to the ownership of crops raised upon the land, they will be held subject to the same law as the land itself, and therefore exempt from levy and sale on an execution against one of the tenants."

In the case of Morrill v Morrill, 138 Mich., 112, it was decided that while the wife has such an interest in crops grown on land held by the entireties, that they can not be taken on execution against her husband, her interest does not interfere with his power of management, disposition and control. We cite also Moore v VanGoosen, 250 Mich., 67; also American State Trust Co. v Rosenthal, 225 Mich., 157, where it was held that rents and profits of entirety property are not subject to levy by the creditors of the husband.

In a recent case in Michigan, decided June 29, 1933, entitled Bankers' Trust Co. v Humber et, 249 NW, 454, the court held that creditors of a husband had no right to seize by process income from property owned by husband and wife by entirety. We have been favored by counsel in that case with copies of the record and briefs, showing in detail the issues there involved.

Rent is the income arising from use of real estate, and a claim due for the purchase price of sugar beets is likewise for income arising from real estate and such income can not be reached in Michigan by a creditor of the husband. This exemption from the right of creditors to reach the property is in reality a part of the title and is not remedial but is a part of the substantive law of the state. Whether anomalous or not, it is the law of that state as it is the law of several other states, and being a part of the law of the state where both parties resided, and where the contract was to be performed, it became as much a part of the contract which they made as if they had recited that the real estate upon which the beets were to be grown was held by the husband and wife in entireties and that the crops and the proceeds thereof could not be reached by a creditor of either.

The judgment held by plaintiff was rendered on a promissory note executed to a Toledo bank by a resident of Michigan. At the time of the execution and delivery of the note the payee was bound to know that if it ever became necessary to enforce collection of the same by subjecting property in the State of Michigan to the payment of the judgment, it could only be done in accordance with the laws of that state relating to property of this character.

Is the law exempting such property from being reached by a creditor in Michigan applicable when the action was brought in Ohio? Under the undisputed facts in the case, the law being a part of the substantive law, it is the duty of this court to apply it in this action. Kanaga v Taylor, 7 Oh St, 134, 142. The rights of the parties under the contract must be determined by the law of the place where the contract is to be performed. See also Detroit & Cleveland Navigation Co. v Hade, 106 Oh St, 464. In that case parties to the contract, as in this, resided in Michigan where the contract was made and where the compensation was to be paid. The contract was void by the law of the State of Michigan and it was determined that it was therefore void in the State of Ohio. In the present case the contract made under like circumstances is valid in the State of Michigan and the property can not be reached by creditors of one of the parties in that

state, and it can not, therefore, be reached by a creditor in an action in this state.

The judgment must therefore be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.