## GOODENOUGH v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6927.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1936.

---

R. A. McNair, of Detroit, Mich. (Goodenough, Voorhies, Long & Ryan, of Detroit, Mich., on the brief), for petitioner.

Harry Marselli, of Washington, D. C. (Frank J. Wideman, Sewall Key, Norman D. Keller, and A. S. Hooper, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

The Board of Tax Appeals sustained a determination of deficiency in estate tax in the amount of $6,050, upon the ground that the value of real property owned by the decedent in Michigan under a tenancy by the entirety was includible in the gross estate. 30 B.T.A. 69.

The estate by the entirety was created in 1915, and decedent died November 25, 1922. It is conceded by petitioner that if the property had been acquired by the decedent and his wife subsequent to the effective date of the Revenue Act of 1916 (39 Stat. 756) the value thereof would constitute a part of the gross estate of the decedent, and also that if the decedent had died on or after June 2, 1924, the value of this property would have constituted a part of the gross estate by virtue of section 302 (h) of the Revenue Act of 1924 (43 Stat. 305); Phillips v. Dime Trust & Safe Deposit Co., Ex'r, 284 U.S. 160, 52 S.Ct. 46, 76 L.Ed. 220; Third National Bank & Trust Co. v. White, Collector (D.C.) 45 F.(2d) 911, affirmed 287 U.S. 577, 53 S.Ct. 290, 77 L.Ed. 505; Gwinn v. Commissioner, 287 U.S. 224, 53 S.Ct. 157, 77 L.Ed. 270.

Petitioner contends that as the estate by the entirety was created prior to the first statute creating an estate tax (Revenue Act 1916, § 200 et seq.), it should not be treated as part of the gross estate. In its original order the Board sustained the petitioner. On reconsideration, the Board decided that its opinion was contrary to the reasoning of Griswold et al., Ex'rs. v. Helvering, Commissioner, 290 U.S. 56, 54 S. Ct. 5, 78 L.Ed. 166, and that the entire value of such property was includible in the gross estate. This was upon the ground that the Griswold Case, supra, held that the time of death of the decedent, and not the date of the creation of the estate, furnishes the basis for the tax. The Board therefore applied the Revenue Act of 1921, c. 136, 42 Stat. 227, and sustained the determination of the Commissioner.

This conclusion was correct. As declared in the Griswold Case, supra, there is no question here as to the retroactive effect of the statute. The death of the decedent in 1922 is the event in respect of which the tax is laid, and therefore the tax upon the gross estate, including the value of the estate by the entirety, is properly levied under the provisions of the Revenue Act of 1921. O'Shaughnessy v. Commissioner, 60 F.(2d) 235 (C.C.A.6).

Petitioner also contends in the alternative that only one-half of the value of the entirety property should be included in the gross estate. Section 402 of the Revenue Act of 1921 (42 Stat. 278) provides "That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * * (d) To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person * * * except such part thereof as may be shown to have originally belonged to such other person." No part of this property was shown to have originally belonged to the wife of the decedent. Cf. Richardson v. Helvering, Commissioner, 80 F.(2d) 548, 551 (App.D.C.). There the wife purchased for value one-half of the properties involved, and it was held that her interest came within the exception and was not taxable. However, as said in that case, the statute is explicit in its requirement that it must clearly appear that the tenant by the entirety contributed something toward the acquisition of the property in order that the exception may take effect. Here petitioner has offered no evidence on this point. He claims broadly that under the statute only one-half of the entirety property is taxable, urging that the phrase, "to the extent of the interest therein," refers to the extent of the decedent's interest only, exclusive of his wife's interest. The respondent, however, contends that the case falls squarely within the statute, and that the entire value of the property is taxable. While it is true that in tenancy by the entirety the interest of each tenant attaches to the whole property, it is also true, as petitioner claims, that the control, dominion and property right of each tenant is hedged about and diminished by the control, dominion and property right of the other. Cf. Jacobs v. Miller, 50 Mich. 119, 124, 15 N.W. 42; Dickey v. Converse, 117

Mich. 449, 76 N.W. 80, 72 Am.St.Rep. 568; Schliess v. Thayer, 170 Mich. 395, 136 N. W. 365; Zeigen v. Roiser, 200 Mich. 328, 166 N.W. 886; McMullen v. Zabawski (D. C.) 283 F. 552. However, in Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L. Ed. 991, 69 A.L.R. 758, the court expressly held that the entire value of assets in an estate by the entirety should be included as a part of the decedent's estate. This case construed the Revenue Act of 1916, but with reference to this feature of the case, there is no difference in the statutes [section 402 (d), Revenue Act of 1921, above given]. The doctrine there laid down is applicable here. At the decedent's death, and because of it, the wife for the first time became entitled to exclusive possession, use and enjoyment of the entirety property. These circumstances, together with the fact that no part of the property originally belonged to the wife, make valid the inclusion of the value of the whole estate by the entirety in the gross estate. Tyler v. United States, supra, 281 U.S. 497, 504, 50 S.Ct. 356, 74 L.Ed. 991, 69 A. L.R. 758; O'Shaughnessy v. Commissioner, supra.

The order of the Board of Tax Appeals is affirmed.