**SHAW v. UNITED STATES et al.**
**No. 2828.**

United States District Court
W. D. Michigan, S. D.

March 16, 1939.

246

———◆———

Knappen, Uhl, Bryant & Snow, Grand Rapids, Mich., for plaintiff.

Francis T. McDonald, U. S. Atty., Shelby B. Schurtz, Asst. U. S. Atty., Grand Rapids, Mich., for the United States.

Norris, McPherson, Harrington & Waer, Grand Rapids, Mich., for defendants Cary P. Stiff and Helen C. Stiff.

RAYMOND, District Judge.

The findings of fact herewith filed disclose the basis for the only issue of law involved herein. The contention of the government is that the lien of the United States for the taxes assessed attached to the interest of Harry E. Shaw as one of the tenants holding the property in an estate by the entireties and that it is entitled to have that interest sold under an order of the court.

■■■ While the rule in a number of states is to the contrary, the Supreme Court of Michigan has consistently aligned itself with what appears to be the majority rule to the effect that no portion of an estate by the entireties may be subjected to a lien for the individual indebtedness of either spouse. Vinton v. Beamer, 55 Mich. 559, 22 N.W. 40; Dickey v. Converse, 117 Mich. 449, 76 N.W. 80; Schliess v. Thayer, 170 Mich. 395, 136 N.W. 365; Turner v. Davidson, 227 Mich. 459, 198 N.W. 886; Marten v. Lewis, 187 N.C. 473, 122 S.E. 180, 35 A.L.R. 147. This immunity is not an exemption but arises from the peculiar nature

of the estate as interpreted by the Michigan Supreme Court. See In re Berry, D.C., 247 F. 700; McMullen v. Zabawski, D.C., 283 F. 552; Gorelick v. Shapero, 222 Mich. 381, 192 N.W. 540; Moore v. Van Goosen, 250 Mich. 67, 229 N.W. 451.

■■■ In the enforcement of the taxing laws of the United States, the federal courts, in determining the extent of a taxpayer's property interest in real estate, are bound by state rules of property. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Cannon v. Nicholas, 8 Cir., 80 F.2d 934; Lang v. Commissioner of Internal Revenue, 4 Cir., 61 F.2d 280.

It follows that plaintiff is entitled to the relief prayed. A decree in conformity herewith may be presented for signature.