**PAUL et al. v. UNITED STATES.**

Nos. 8987–8991.

Circuit Court of Appeals, Sixth Circuit.
April 8, 1942.

---

See, also, 41 F.Supp. 41.

Edward Reid, Jr., and John H. Witherspoon, both of Detroit, Mich. (Miller, Canfield, Paddock & Stone, of Detroit, Mich., on the brief), for appellant, Detroit Bank.

Herbert J. Rushton, Edmund E. Shepherd, and Daniel J. O'Hara, all of Lansing, Mich., for appellants State of Michigan and Jno. J. O'Hara.

Wm. E. Dowling and Samuel Brezner, both of Detroit, Mich., for appellants Wayne County and Jacob P. Sumeracki, Treas.

Paul E. Krause and John H. Witherspoon, both of Detroit, Mich., for appellants City of Detroit and Albert E. Cobo, Treas.

Charles A. Lorenzo, of Detroit, Mich., for appellants John W. Paul, and others.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Carl J. Marold, Sp. Assts. to Atty. Gen., and John C. Lehr, of Detroit, Mich., on the brief), for the United States.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

For estate tax on the estate of John P. Paul, deceased, the government claims a lien superior to the liens and claims of appellants, who seek review of the order of dismissal of their complaint, entered by the District Court. Appellants include the State of Michigan, County of Wayne, and City of Detroit, claiming liens based upon unpaid taxes, accruing subsequent to the death of Mr. Paul; the Detroit Bank, formerly the Detroit Savings Bank, with a claim on certain mortgages executed by decedent; and on other mortgages executed after his death, by his successors, and thereafter foreclosed; and the children of decedent. The latter, however, have filed no brief and it is unnecessary to review their contentions in the District Court. The substance of the claim asserted against the government is that its lien depends upon demand, which was not made; and, moreover, as against the mortgagee, that the lien is not valid because of failure to file notice by the Collector of Internal Revenue, as prescribed by statute.

Appellants contend that the government is not entitled to priority of lien, relying upon Sec. 3186 of the Revised Statutes as amended by Sec. 613(a) of the Revenue Act of 1928, c. 852, 45 Stat. 791, which provides as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

"(b) Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) in accordance with the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice; or

"(2) in the office of the clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice; or

"(3) in the office of the clerk of the Supreme Court of the District of Columbia, if the property subject to the lien is situated in the District of Columbia.

"(c) Subject to such regulations as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may prescribe, the collector of internal revenue charged with an assessment in respect of any tax—

"(1) May issue a certificate of release of the lien * * *.

"(d) A certificate of release or of partial discharge issued under this section shall be held conclusive that the lien upon the property covered by the certificate is extinguished.

"(e) The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may by regulation provide for the acceptance of a single bond complying both with the requirements of section 272(j) of the Revenue Act of 1928 (relating to the extension of time for the payment of a deficiency), or of any similar provisions of any prior law, and the requirements of subsection (c) of this section.

"(f) Subsections (c), (d), and (e) of this section shall apply to a lien in respect of any internal-revenue tax, whether or not the lien is imposed by this section." 26 U.S.C.A. Int.Rev.Acts, page 461.

The government contends that the issues in this case are governed by Sec. 315(a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A. Int.Rev.Acts, page 253, relating to the estate tax, which provides: "Unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien. * * *"

It is argued that Sec. 3186, relied upon by appellants, provides for a lien in favor of the government where a person liable to pay any tax, neglects or refuses to pay the same *after demand*. Under Sec. 315 of the Revenue Act of 1926, above referred to, it is provided, however, that the estate tax *shall be a lien* for ten years, unless the tax is sooner paid in full.

We are of the opinion that the government is not limited in its claim of lien to Sec. 3186. That section is general in its terms, referring to "any tax," while the provisions of Section 315, enacted subsequently thereto, specifically relate to the estate tax, and set forth in unqualified language that it shall be a lien for a prescribed period unless it is sooner paid; and there is no mention therein of any requirement of demand or filing or notice. See United States v. Security-First Nat. Bank, D.C. Cal., 30 F.Supp. 113.

The lien for the estate tax arises upon the death of the owner of the estate taxed. As to the right of the government to priority over the liens of appellants, the reasoning in United States v. City of Greenville, 4 Cir., 118 F.2d 963 is determinative of the right to such priority. That case was a suit to foreclose a lien for unpaid income taxes upon real estate on which there were also liens for real estate taxes due the city, county and state. By state law, these were made paramount to all other charges. But it was held that since such liens were acquired subsequent to the acquisition of the lien of the United States, the latter was entitled to priority in payment. Such is our conclusion in the instant case.

Nor is the argument impressive that Sec. 315(a) of the Revenue Act of 1926 is in violation of the Fifth Amendment of the Constitution of the United States, as contended by appellants, who base their claim on the fact that the statute with reference to the estate tax, gives the government a secret lien and operates to deprive citizens of property which they have acquired in good faith and for value. Sec. 313 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 251, provides for determination of the amount of estate tax upon written application of the executor to the Commissioner, and requires that determination of the amount of the tax, in order to secure discharge from personal liability therefor, shall be made within one year from such application, or if the application is made before the return is filed, then within one year after such filing. Such provisions do not operate as a release of any part of the gross estate from the lien for any deficiency that may thereafter be determined to be due, except where title to such part of the gross estate has passed to a bona fide purchaser for value, in which case, such part shall not be subject to a lien or to any claim or demand for any such deficiency, but the lien shall attach to the consideration received from such purchaser by the heirs, legatees, devisees, or distributees.

Provisions of the Michigan statute governing liens for property taxes are not here applicable; and if they were, being in derogation of federal law, would not control. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705; United States v. City of Greenville, supra. With regard to the estate on which the estate tax is collectible, it includes property in which decedent had an interest as tenant by the entirety. See Goodenough v. Commissioner, 6 Cir., 83 F.2d 389; Robinson v. Commissioner, 6 Cir., 63 F.2d 652.

The judgment of the District Court is affirmed.