LABOUR *v.* BERGIN.

1. FRAUDULENT CONVEYANCES—PAYMENTS ON MORTGAGES ON ENTIRE-
TIES PROPERTY DURING INSOLVENCY.
   Payments by insolvent judgment debtor from his individual earnings upon mortgages on entireties property while judgment was outstanding constituted a "fraudulent conveyance" entitling trustee in bankruptcy to lien on the property notwithstanding the mortgages were executed subsequent to the date of insolvency (CL 1948, § 566.11 *et seq.*).

2. SAME—LIEN ON ENTIRETIES REALTY—PAYMENT—MORTGAGE LIEN
—EXEMPTIONS—FORECLOSURE.
   Lien of trustee in bankruptcy of judgment debtor upon entireties realty upon which such debtor and his wife had executed mortgages after his insolvency is limited to amount of payments made by judgment debtor from his individual earnings and subject to balance due on mortgages and debtor's exemption under the law, such lien being foreclosable if not paid within 4 months (CL 1948, § 566.11 *et seq.;* § 623.73 *et seq.*).

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 10, 1952. (Docket No. 59, Calendar No. 45,514.) Decided September 3, 1952.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 6 Am Jur (Revised), Bankruptcy §§ 906, 1103 *et seq.*, 1180.

Bill by George F. LaBour, trustee of the estate of John Raymond Bergin, bankrupt, against John Raymond Bergin and wife to establish a lien on real property held as tenants by entireties. Decree granting lien on automobile purchased with proceeds of mortgage loan on the real estate. Plaintiff appeals. Reversed and decree entered for plaintiff.

*Gillard & Gillard,* for plaintiff.

*McMahon & Cook* and *Walter B. Freihofer,* for defendants.

BUTZEL, J. Plaintiff, as trustee of the estate of John Raymond Bergin, bankrupt, sought to establish a lien on the joint property of defendants Bergin and his wife, Frances, in the amount of $2,300, representing payments of $500 and $1,800 made by Bergin from his individual earnings on 2 mortgages respectively $500 and $2,000 theretofore placed on the joint property by Bergin and wife. At the time of the payments there was outstanding against Bergin a 1935 judgment, duly renewed in 1945, which with interest exceeded the amounts paid on the mortgages. An unsuccessful effort had been made to collect the judgment. Bergin was insolvent at the time of his payments on the mortgages. The value of the Bergin interest in the joint property at the times the mortgages were executed was thereby decreased, and when payments were made by Bergin on the mortgages from his individual earnings the value was correspondingly increased. It was equivalent to Bergin taking his money and instead of paying his outstanding debts, placing it into jointly held property, and thus attempting to place it beyond the reach of his creditors. The value of the jointly held property exceeds the aggregate amount of defendants' exemptions, the balance due on the mortgage and the

amount of the lien claimed.  The proceeds from the
$2,000 mortgage had been used by Bergin and wife
to purchase an automobile which was held in their
joint names, and which Bergin also claims as exempt
on the ground that he uses it in the furtherance of
his business.

The trial judge held that the plaintiff was entitled
only to a lien on the automobile, subject to whatever
exemptions Bergin might be entitled.  The court in
its opinion cited the cases of *McCaslin* v. *Schouten,*
294 Mich 180, and *Dunn* v. *Minnema,* 323 Mich 687
(7 ALR2d 1099), to the effect that when an insolvent
debtor uses assets or makes payment on what consti-
tutes an investment in property in joint names so
that it becomes beyond the reach of creditors, he
has worked a constructive fraud against which relief
should be granted.

In the *McCaslin Case,* defendant used his individ-
ual funds to reduce the mortgage debt on his home,
which was entireties property, thereby increasing
the equity in entireties property and preventing his
creditors from reaching his individual funds.  In the
*Dunn Case,* the defendant bankrupt used his funds
to continue payments on a jointly-held land contract
upon which he had begun payments before he became
insolvent.  We allowed a lien to be imposed on that
part of the value of the property, over and above the
value of the homestead exemption, which had been
augmented by payments made subsequent to insol-
vency.  We believe that these 2 cited cases firmly
establish plaintiff's right to impose a lien on the
home of the parties.  As frequently happens, there
may be some slight difference in facts, but there is
but little in the rule established which entitles plain-
tiff to a lien in the instant case.  Also, see *Newlove*
v. *Callaghan,* 86 Mich 297, and *Caswell* v. *Pilkinton,*
138 Mich 138.

The defendants, while conceding the correctness of the principle of the 2 cases cited by the trial judge, contend they should not apply here because the mortgage liabilities were incurred after the date the bankrupt became insolvent. The uniform fraudulent conveyance act (CL 1948, § 566.11 *et seq.* [Stat Ann § 26.881 *et seq.*]) covers conveyances made during insolvency with the effect of diminishing the debtor's assets to the damage of his creditors. The creditor here was just as much damaged as he would have been had the encumbrance existed at the time the bankrupt became insolvent. We find no merit in defendants' claim that the rule of the 2 cases was limited to the creation and building up of a tenancy by the entireties during insolvency, not the mortgaging of an existing entireties estate subsequent to the date of insolvency.

The decree of the lower court is reversed and one will be entered as prayed, giving plaintiff a lien on the jointly-owned realty in the amount of defendant Bergin's payments from his undivided funds on the mortgage debts, plus costs of both courts, but subject to the small balance, if any, due on the mortgage and defendants' exemption under the law.* The decree shall provide for the payment of the lien within 4 months and remanding the case to the trial court for the enforcement of the lien and for foreclosure in case of nonpayment.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.

* See CL 1948, § 623.73 *et seq.* (Stat Ann and Stat Ann 1951 Cum Supp § 27.1572 *et seq.*).—REPORTER.