GLAZER *v.* BEER.

1. FRAUDULENT CONVEYANCES—TENANCY BY ENTIRETIES—BANK-
   RUPTCY.
   Trial court's finding in bankruptcy trustee's suit against bank-
   rupt and his wife to establish and foreclose a lien upon entire-
   ties property that the bankrupt was insolvent at the various
   times the moneys loaned to him went into the entireties prop-
   erty *held,* justified under record presented (CL 1948, § 566.14).

2. SAME—TENANCY BY ENTIRETIES—INTENT.
   An entireties estate cannot be created or enhanced at the ex-
   pense of creditors during the insolvency of the entireties owner
   and relief to such an owner's creditor may be granted without
   reference to any actual fraudulent intent (CL 1948, § 566.14).

3. SAME—ORIGIN OF FUNDS.
   The origin of the funds put beyond the reach of creditors is
   generally not a determining or material consideration in as-
   certaining whether or not a fraudulent conveyance has been
   made.

4. SAME—BANKRUPTCY—LIENS—TENANCY BY ENTIRETIES—RECORD.
   Decree imposing a lien in favor of trustee in bankruptcy upon
   property held by defendant bankrupt and his wife as ten-
   ants by the entireties into the enhancement of which sums
   loaned by various creditors had been used while the bankrupt
   was insolvent is affirmed under record presented (CL 1948,
   § 566.14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 24 Am Jur, Fraudulent Conveyances § 67.
[1, 2, 4] Right of creditors of one spouse, either before or after
   death of other spouse, to attack conveyance or encumbrance of
   estate by entireties by both spouses as in fraud of creditors.
   121 ALR 1028.
Use of debtor's individual funds or property for acquisition,
   improvement of, or discharge of liens on, property held in
   estate by entireties as a fraud upon creditors. 7 ALR2d 1104.

Appeal from Macomb; Noe (Alton H.), J. Submitted June 8, 1955. (Docket No. 32, Calendar No. 46,442.) Decided October 3, 1955.

Bill by Reuben Glazer, trustee in bankruptcy of Arthur J. Beer, against Arthur J. Beer and Agnes M. Beer to reach assets held by defendants as tenants by the entireties. Decree for plaintiff. Defendants appeal. Affirmed.

*George H. Goldstone,* for plaintiff.

*Sherman McDonald,* for defendants.

Butzel, J. Reuben Glazer, trustee in bankruptcy of Arthur J. Beer, brought suit against Arthur J. Beer and Agnes M. Beer, his wife, to establish and foreclose a lien on property held by them as tenants by the entireties and subject to their statutory homestead exemption and a first mortgage on the property. Plaintiff claims that Beer, while insolvent, borrowed large sums of money and without fair consideration and used it to convert a barn on property held by the defendants as tenants by the entireties into a place of business and thus unlawfully put that money beyond the reach of creditors. No allegation of any fraudulent intent is made nor does it appear that any existed. It is apparent that Beer had comparatively no other assets subject to execution and that he became more insolvent from time to time while the entireties property became more valuable. The trial judge, after listening to the testimony, entered a decree establishing a lien of $5,000 on the property, subject, however, to the $2,500 homestead exemption and the balance due on the prior mortgage. Defendants appealed.

Beer, it is shown, was a designer of mannequins and decorations for stores and had met one Stokes

who was engaged in a similar line. Beer wanted to remodel his barn so as to use it in connection with his business. For this avowed purpose Stokes loaned Beer some $4,000 between March 7 and May 5, 1951. Beer also borrowed a total of $1,800 from 3 other persons to be used for a similar purpose. Apparently there was some sort of partnership arrangement between Beer and the wife of Stokes for the purpose of engaging in this business, but it was short lived.

Beer claims that the arrangements for the loans from Stokes were made prior to the actual loans themselves, and that at that time he was not insolvent. But as far as the record shows, outside of an equity in an automobile and very small bank account balances from time to time, Beer had nothing except his interest in the entireties property. After Stokes obtained a judgment at law for $3,200, Beer went into bankruptcy. At the bankruptcy examination, the record of which was introduced in the instant case, when Beer was asked: "But at that time, you weren't very solvent, at that time, were you?", he answered: "That is true." There can be no question that as quickly as money was loaned to him it went into the improvement of the entireties property and thus ostensibly beyond the reach of creditors. Further explanation of the transactions might have been made by Beer but he refused to testify on grounds of privilege, claiming that such testimony would be antagonistic to the interests of his wife, who also did not testify. The trial judge held that, while Beer did not have to testify, in the absence of such testimony he could come to only one conclusion and it was that Beer was insolvent at the various times the moneys loaned went into the entireties property. Upon a review of the record we come to the same conclusion.

The statute, CL 1948, § 566.14 (Stat Ann § 26.884), provides:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

This Court has consistently held that during insolvency entireties estates cannot be created or enhanced at the expense of creditors and that relief may be granted without reference to any actual fraudulent intent. *Dunn* v. *Minnema,* 323 Mich 687 (7 ALR2d 1099); *McCaslin* v. *Schouten,* 294 Mich 180; *LaBour* v. *Bergin,* 334 Mich 437. However, appellants rely upon the case of *Moore* v. *Van Goosen,* 250 Mich 67, and especially the following statement (p 69):

"Pleadings show these creditors furnished labor and materials to bankrupt for improving entirety property. The labor and materials were so used. When bankrupt used such labor and materials for the very purpose for which these creditors furnished them, they will not be heard to complain that he thereby defrauded them. *Turner* v. *Davidson,* 227 Mich 459."

A reference to the specific holdings in the *Moore Case, supra,* and the *Turner Case, supra,* upon which it relies, shows that such a statement was not necessary. The basic holding in both cases was merely that an exchange of entireties property for other entireties property, in one form or another, cannot be attacked by creditors. The statement made in the *Turner Case* to the effect that a creditor cannot be deceived because he is on notice by virtue of a recorded deed, that the property is held by the entireties, is both unnecessary to the result and may be

questioned. Followed to its logical conclusion such a rule would preclude recovery in most if not all cases. Though we here do not pass upon the question, it would seem that some form of actual rather than constructive notice would be required before such a principle could be applied, if at all, to a case such as this. In the instant suit, while it is plain that the creditors knew that the money was going into the property, it does not appear that they knew that the property was held by Beer and his wife as tenants by the entireties. By way of further explanation of the *Moore* and *Turner Cases,* a review of the opinions and the records and briefs discloses that the fraudulent conveyance statute, *supra,* which is absolute in its terms and without apparent exception, was not discussed or even referred to.

Appellants further argue that the cases of *Dunn* v. *Minnema* and *McCaslin* v. *Schouten, supra,* are applicable only where the debtor invests moneys of his own or which are earned by him, and do not apply in a case such as the one at bar where the moneys invested in entireties property were borrowed from a third party. We cannot subscribe to this theory. The fact that in the *Dunn* and *McCaslin Cases* the funds invested were the debtor's own funds was not decisive to the results at all but merely another fact in the complicated factual patterns. Insofar as an alleged fraudulent conveyance is concerned the origin of the funds put beyond the reach of creditors is generally not a determining or material consideration. Rather it is the mere fact that funds which are available to creditors are put beyond their reach, which affords the basis for relief, without any particular reference to the origin of those funds. The case of *Dunn* v. *Minnema, supra,* was based partly upon the case of *First State Bank of Milford* v. *Wallace,* 201 Mich 673, 679, where a contention similar to that here made by appellants was advanced. In

that case the debtor, one Wallace, traded entireties farm property for other property in Ann Arbor which he and his wife took as tenants by the entireties. As part of the trade he had to pay an additional $4,100 which he borrowed from a third party. The Court said:

> "It may be argued that no part of the $4,100 cash payment was furnished by Mr. Wallace, but that it was loaned by a third party, which reduced defendants' actual equity in the property to just the value of the farm property, and that this debt was to be paid out of the income of the Ann Arbor property, which, under an extension of the doctrine of *Dickey* v. *Converse,* 117 Mich 449 (72 Am St Rep 568), might be said to partake of the nature of the realty; *hence that no separate personal property of Mr. Wallace would ever be invested in the land. But the fact remains that, by means of this deal, $4,100, of which Mr. Wallace presumptively would contribute one-half, will be invested in an estate by the entirety, out of the reach of Mr. Wallace's creditors.* * * * *Before increasing the amount of his investment in execution-proof property, it is defendant's duty to pay his debts.*" (Emphasis added.)

The legal basis of the trial court's decision is clear and sound. Accordingly, its decree is affirmed, with costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.