**In re Mark Leslie GREENFIELD, Debtor.**

**K. Jin Lim, Trustee, Plaintiff,**

v.

**Mark Leslie Greenfield and Shelly Brook Greenfield, Defendant.**

**Bankruptcy No. 99–54191–R. Adversary No. 99–4983.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

June 6, 2000.

Kenneth Schneider, Schneider, Miller & Lim, P.C., Detroit, Michigan, for plaintiff.

Thomas Budzynski, Clinton Township, Michigan, for defendant.

## Opinion

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment filed by the defendants, Mark Leslie Greenfield and Shelly Brook 'Greenfield, as to Counts I and II of the adversary complaint. The trustee filed a response and cross motion for summary judgment as to Count I of the complaint. Following oral argument on February 14, 2000, the Court took the matter under advisement. For the reasons set forth below, the Greenfields' motion for summary judgment is denied and the trustee's motion for summary judgment is granted.

### I.

In 1997, Mark Greenfield, who was single at the time, purchased a home in Clinton Township, Michigan. On April 13, 1999, Greenfield married Shelly Brook Greenfield. On April 19, 1999, Greenfield transferred his home by quit claim deed from himself to himself and his wife. On September 9, 1999, Mark Greenfield filed his individual chapter 7 petition.

The trustee filed this adversary complaint on December 14, 1999. In Count I, the trustee alleges that Greenfield's transfer of his home to himself and his wife, as tenants by the entireties, is avoidable under § 548 because the transfer was without consideration and the debtor was insolvent, or, alternatively, the transfer was made with the intent to hinder, delay, or defraud creditors. The trustee also alleges that the debtor transferred a 1993 Cadillac Seville to his wife.

In Count II, the trustee asserts that the discharge should be denied under § 727(a)(2) and (4) because, in addition to his failure to disclose the above mentioned transfers, the debtor conveyed tanning sa-

lon equipment to his father and did not disclose those conveyances.

## II.

In support of his motion for summary judgment, Greenfield contends that the conveyance of the home from himself to himself and his wife was not without consideration because, upon marriage, Shelly Greenfield obtained dower and homestead rights. Greenfield also asserts that, although he should have disclosed the transfer of the house, he did not think of it.

Greenfield further contends that he did not transfer a Cadillac to his wife, but helped her financially with the purchase of the car. Greenfield states that his wife owned a Dodge Spirit which she sold for $3,800. She then used that money, along with money from Greenfield, to purchase a used Cadillac for $8,800. Greenfield contends that he assisted with these funds in order to provide a safer vehicle for his expectant wife. Greenfield contends that there is no support for the trustee's contention that this transfer was without consideration.

Greenfield further asserts that he did not transfer assets used in his tanning salon to his father. Greenfield argues that his tanning salon, Entice Us, was destroyed by a fire and the remaining assets from the salon are in his garage, fully accessible to the trustee.

The trustee contends that the house transfer is avoidable if either 1) the transfer was without consideration and the debtor was or was made insolvent, or 2) the transfer was made with actual intent to defraud. Therefore, the trustee argues, even if the transfer was made for fair consideration, it may still be avoidable. The trustee contends that Michigan law has long held that the creation of entireties property by an insolvent party is fraudulent.

The trustee further argues that she is entitled to a judgment of $5,000, which represents the amount of money Green-field gave his wife for the purchase of a car.

With respect to the alleged transfer of equipment from the Entice Us tanning salon, the trustee has provided the affidavit of Lisa Smith, a former employee of Entice Us. Smith states that she saw tanning equipment from the Entice Us tanning salon at Total Tan, which is currently managed by Greenfield and owned by his father.

## III.

Section 548(a)(2) allows the trustee to avoid a transfer of property made within one year before the filing date if the debtor received less than reasonably equivalent value and the debtor was insolvent or became insolvent as a result of the transfer. The Greenfields do not dispute that Mark Greenfield was insolvent at the time of the transfers. Therefore, the issue is whether the transfers were made for less than reasonably equivalent value.

■ With respect to the debtor's transfer of his home to himself and his wife as tenants by the entirety, the Greenfields' argument appears to be that because Shelly Greenfield has valuable dower and homestead interests in the property, the transfer was not made without consideration. However, any dower or homestead interest Shelly Greenfield may have obtained upon marriage is irrelevant to the issue of whether the debtor's subsequent transfer of the property from himself to himself and his wife as tenants by the entirety was a fraudulent conveyance. The effect of the debtor's transfer was to put the property out of the reach of creditors. The Greenfields appear to confuse Shelly Greenfield's dower and homestead interests, which she obtained by operation of law, with the interest she obtained as a tenant by the entirety when the debtor took the affirmative action of transferring the property to himself and his wife. It is that later transfer that the trustee seeks to avoid. The Greenfields do not attempt to show that Mark Greenfield received any

consideration for that transfer. Accordingly, the transfer is avoidable under § 548(a)(2).

 The Michigan Supreme Court "has consistently held that during insolvency entireties estates cannot be created or enhanced at the expense of creditors and that relief may be granted without reference to any actual fraudulent intent." *Glazer v. Beer,* 343 Mich. 495, 498, 72 N.W.2d 141 (1955). *See also Craft v. United States,* 65 F.Supp.2d 651, 658–59 (W.D.Mich.1999); *Hoerner v. Elkins (In re Elkins),* 94 B.R. 932, 934 (Bankr. W.D.Mich.1988) (Entireties estates cannot be created at the expense of creditors.).

Accordingly, the Greenfields' motion for summary judgment as to the avoidance of the transfer of the home is denied. The trustee's motion for summary judgment on this issue is granted.

With respect to the transfer of $5,000 from Greenfield to his wife for the purchase of a car, Greenfield admits that he assisted with the purchase and offers no defense to the trustee's claim under § 548(a)(2). Accordingly, the Greenfields' motion for summary judgment on this issue is denied. The trustee's motion for summary judgment on this issue is granted.

### IV.

Greenfield also moves for summary judgment on Count II, in which the trustee seeks to deny the discharge under § 727(a)(2) and (4) for the debtor's transfer of property and failure to disclose the transfers. Greenfield contends that although he should have disclosed the transfer of the home to his wife, he did not think about it. This statement provides no basis for summary judgment.

Greenfield also contends that since he did not transfer a car to his wife, as alleged in the complaint, there was nothing to disclose. However, he did transfer approximately $5,000 to his wife for the purchase of a car, which he failed to disclose.

With respect to the trustee's allegation that tanning equipment was transferred from Greenfield's former tanning salon to his father's salon, a genuine issue of fact exists as to whether it is the same equipment. The trustee provided an affidavit from Lisa Smith, a former employee of Entice Us, indicating that the equipment was the same. However, Greenfield provided an affidavit from his father, George Greenfield, stating that no equipment located at Total Tan came from Entice Us or the debtor. Accordingly, Greenfield's motion for summary judgment on Count II is denied.

For the reasons set forth above, the Greenfields' motion for summary judgment on Counts I and II is denied. The trustee's motion for summary judgment on Count I is granted.