**COMMONWEALTH OF KENTUCKY ex rel. UNEMPLOYMENT COMPENSATION COMMISSION v. FARMERS BANK & TRUST CO. OF HENDERSON, KY.**

No. 9564.

Circuit Court of Appeals, Sixth Circuit.

Dec. 7, 1943.

H. Kelly Clore and Edward W. Pflueger, both of Frankfort, Ky. (Elwood Rosenbaum, O. B. Hannah, H. Kelly Clore, and Edw. W. Pflueger, all of Frankfort, Ky., on the brief), for appellant.

S. O. Heilbronner, of Henderson, Ky., for appellee.

Before SIMONS, ALLEN, and Mc-ALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The Kentucky Unemployment Compensation Commission filed its claim against a bankrupt estate for past-due unemployment contributions and penalty for nonpayment provided by state law. The referee denied allowance of the penalty, and his determination was sustained by the District Court. On appeal, the sole question is whether the claim, including the penalty, should have been allowed against the bankrupt estate. In the District Court, the Unemployment Compensation Commission contended: (1) that the penalty provided by state law was, in fact, interest; (2) that if the charge were considered a penalty within the intendment, it should be allowed against the bankrupt estate as a lien, created by statutory provisions of the State of Kentucky.

The District Court held that the charge was a penalty. The Legislature

used the term "penalty" to describe the charge; and the unpaid contributions were subject to the charge at the rate of one per cent per month, or fraction thereof, from and after the due date of the unemployment contribution, until payment was received by the Commission. The use of the term "penalty" in the statute, and the fact that the entire percentage of one per cent per month was charged for any fraction of a month, clearly indicates that the charge was a penalty, rather than interest. See People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405. With regard to the contention that the charge should be allowed against the bankrupt estate as a lien, the District Court made no disposition.

At the time the claim was filed, the statutes of Kentucky provided: "A lien on a parity with tax liens is hereby created in favor of the Commission upon all property both personal and real or rights thereto owned by any subject employer and used by him in connection with his trade, occupation, profession or business, from whom contributions, interest or penalties are or may hereafter become due. Such lien shall be for a sum equal to the amount at any time due from each subject employer to the Commission on account of contributions, interest and penalties thereon. Such lien shall commence from the time such contributions, interest or penalties become, or shall hereafter become, due. No action to enforce a lien under this section shall be brought after two years from the date of filing of such lien." Acts 1940, c. 193, Baldwin's Kentucky Statutes, 1941 Supp. 4748g-8.

In 1942, the foregoing section was amended to provide: Kentucky Revised Statutes, Sec. 341.310. "(1) A lien on a parity with tax liens is hereby created in favor of the Commission upon all property of any subject employer from whom contributions, interest or penalties are or may hereafter become due. This lien shall be for a sum equal to the amount at any time due from each subject employer to the commission on account of contributions, interest and penalties thereon. The lien shall commence from such time as the contributions, interest or penalties become due. No action to enforce a lien under this section shall be brought after two years after the date of filing the lien."

Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. 93, sub. j provides: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

While penalties, therefore, are not allowed in claims against bankrupt estates, the past due contributions and penalties, in this case, were supported by the lien provided by state statute. Statutory liens for taxes and debts owing to the United States or any state or subdivision thereof, created or recognized by the laws of the United States or any state, are valid against the trustee in bankruptcy. Title 11 U.S.C.A. § 107, sub. b. "It may be conceded that section 57j of the Bankruptcy Act (11 U.S.C.A. § 93(j), precludes the 'allowance' of a claim for penalties, but * * * adjudication in bankruptcy does not affect a valid and existing lien, consequently where a lien exists to support a penalty at the time of adjudication, section 57j does not come into operation." In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979, 983.

The claim of appellant for the unpaid contributions and penalty, which by virtue of statute, became a lien, should have been allowed as filed. The order of the District Court is vacated and the case remanded for further proceedings in accordance with this opinion.

SIMONS, Circuit Judge (dissenting).

I agree with the opinion of the majority that the exaction imposed by Kentucky law for failure to pay past-due unemployment contributions constitutes a penalty. I am unable to agree that § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, does not come into operation because the Bankruptcy Act preserves liens valid under state law, and this with all due respect for the views of my associates and the opinion of the Circuit Court of Appeals for the Ninth Circuit in the Knox-Powell-Stockton Company case.

A lien is a charge upon property for the payment or discharge of a debt. It

is therefore dependent upon the existence, the amount of, and the provability of the debt. If the debt has been paid or otherwise expunged as for fraud or by set-off, the lien is extinguished. An inchoate lien does not ripen into security until a debt comes into existence. In the case of private liens, it may be impermissible to prove a debt because of the Statute of Frauds or the running of the Statute of Limitations.

Section 57, sub. j, provides that debts owing to the United States or any state or subdivision thereof, as a penalty or forfeiture, shall not be allowed except for the amount of pecuniary loss sustained. I am unable to see how a lien, however valid it may be under state law, will breathe life into an unprovable debt in the face of a provision which deals expressly with debts owing to any state or subdivision. The two provisions of the Bankruptcy Act are not irreconcilable. The tax lien is preserved to the extent that it does not include a penalty and the tax debt, other than the amount of the penalty, is provable. To the extent that the debt is not provable in bankruptcy, the lien ceases for all practical purposes to exist. Nor is this taking of property in contravention of the Fifth Amendment because the bankruptcy power is paramount in respect to the debts of adjudicated insolvents. Billings v. United States, 232 U.S. 261, 282, 34 S.Ct. 421, 58 L.Ed. 596; McCray v. United States, 195 U.S. 27, 24 S.Ct. 769, 49 L.Ed. 78, 1 Ann.Cas. 561. I think the judgment should be affirmed.

Another consideration contributes to this view. It has long been held that the grant of the taxing power to the Federal Government is wholly inconsistent with the concept that the states can, by legislation, interfere with assessments or set up a limitation of time within which they must be collected. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705. So with other constitutional grants of power which includes the bankruptcy power. Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573. This is on the ground, among others, that the granted powers are to be exercised with uniformity throughout the states. It seems to me, therefore, wholly incongruous that a penalty must be disallowed as a claim against a bankrupt estate in one state and a similar penalty allowed in another, merely because of a statutory lien in one case and not the other, or that one penalty may be allowed, and another disallowed in the same state against the same bankrupt. Section 57, sub. j, deals specifically with penalties for nonpayment of state taxes, and so it seems likewise incongruous and not within the intention of the Congress, to permit states wholly to nullify it by providing statutory liens for all penalties. As was said in Paul v. United States, 6 Cir., 127 F.2d 64, 66, affirmed Detroit Savings Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, "Provisions of the Michigan statute governing liens for property taxes are not here applicable; and if they were, being in derogation of federal law, would not control."