**GRIMLAND v. UNITED STATES.**

**No. 4607.**

United States Court of Appeals
Tenth Circuit.

Aug. 13, 1953.

my by one similarly situated could 'only be regarded as having been taken under legal compulsion amounting to duress.' "

600

John P. Dwyer, Albuquerque, N. M., for appellants.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Joseph F. Goetten, Sp. Assts. to Atty. Gen., Maurice Sanchez, U. S. Atty., Albuquerque, N. M., Harry Marselli, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The sole question presented by this appeal is whether a claim for fraud penalties imposed under the provisions of Section 293(b) of the Internal Revenue Code, 26 U.S.C.A. § 293(b), is allowable in bankruptcy when secured by lien perfected before adjudication.

In August, 1951, the Commissioner of Internal Revenue, acting under the provisions of Section 3660 of the Internal Revenue Code, 26 U.S.C.A. § 3660(a), made a jeopardy assessment against M. S. Hamilton and his wife, Virginia F. Hamilton, in the sum of $117,025.23, of which $30,616.54 represented penalties imposed under Section 293(b). During the month of August, the Collector for the District of New Mexico filed notice of lien as provided for in Section 3672 of the Code, 26 U.S.C.A. § 3672. In October, 1951, M. S. Hamilton was adjudicated a bankrupt. Thereafter, the United States filed its claim in the bankruptcy proceeding for the full amount of the assessment, including penalties. The trustee objected to the allowance of so much of the claim as represented penalties. The referee overruled the objections and held that the claim for penalties was enforceable to the extent of the lien. The District Court affirmed.

Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j provides that: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law." 26 U.S. C.A. § 3670 provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal belonging to such person." The validity of the lien is not challenged.

The precise question here was considered in In re Knox-Powell-Stockton Co., Inc., Ltd., 9 Cir., 100 F.2d 979, and Commonwealth of Kentucky ex rel. Unemployment Compensation and Commission v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 266. The Ninth Circuit recognized that 57, sub. j precluded the allowance of a claim for penalties, but held that under Section 67, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d, the trustee took

possession of the bankrupt's property subject to existing liens and that where a lien existed to support a tax penalty at the time of adjudication, 57, sub. j did not come into operation. The Sixth Circuit agreed with this construction of the statutes. It is urged that these decisions result from a misapplication of the bankruptcy statute, are wrong, and should not be followed. Of course, we are not bound by the decisions of other courts of appeals but they are persuasive and entitled to great weight, particularly in tax matters. Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85, certiorari denied, 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed 686; Sokol Bros. Furniture Co. v. C.I.R., 5 Cir., 185 F.2d 222, certiorari denied, 340 U.S. 952, 71 S.Ct. 571, 95 L.Ed. 686; Pilot Life Insurance Co. v. Ayers, 4 Cir., 163 F.2d 860, 863. In addition, we think that they find support in Goggin v. Division of Labor Law Enforcement of Cal., 336 U.S. 118, 126, 69 S.Ct. 469, 93 L.Ed. 543. It may well be that Congress had in mind that claims for tax penalties should not be allowed in bankruptcy, even though a lien has been perfected before adjudication, but the language of 57, sub. j does not adequately express that intent. We therefore hold that the claim may be enforced to the extent of the lien.

Judgment affirmed.