**In the matter of HANKEY BAKING COMPANY, a corporation, Debtor.**

**No. 22102.**

United States District Court
W. D. Pennsylvania.

Nov. 17, 1954.

Robert A. Jarvis, Pittsburgh, Pa., for trustee.

John W. McIlvaine, U. S. Atty., and John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for the Government.

GOURLEY, Chief Judge.

In this reorganization proceeding, the issue is raised as to whether the provisions of Section 57, sub. j, of the Bankruptcy Act apply to a tax penalty which has been liened of record prior to the institution of said reorganization.

Section 57, sub. j, of the Bankruptcy Act provides as follows:

"Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture *shall not be allowed,* except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture

arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law." 11 U.S.C.A. § 93, sub. j. (Emphasis supplied.)

The Hankey Baking Company was required to file a return, and pay any sums due, for federal insurance contributions and withholding taxes for the first quarter of 1952. This tax return was required to be filed during the month of April, 1952. It was not filed by the taxpayer until May 6, 1952. Therefore, in addition to the tax of $17,840.73, the District Director of Internal Revenue assessed a five per cent penalty against the company. This penalty amounted to $892.04, and was assessed pursuant to the provisions of Section 3612(d) of the Internal Revenue Code. Later, on July 8, 1952, the tax and penalty were liened of record in the office of the Prothonotary of Allegheny County, Pennsylvania. On September 16, 1952, the present reorganization proceedings were filed. On June 2, 1954, the Trustee paid to the United States the amount of this tax and penalty, along with payment of other taxes due.

It is now the position of the Trustee that this penalty should not have been allowed and should not have been paid.

It has been stipulated by the Government and Trustee that only simple interest of six per cent per annum on the tax claims from their due dates to the date of the filing of the petition for reorganization was allowable. The Government has correctly computed that part of its interest claim to be $1,841.72. It is the Trustee's contention that against such allowance of interest should be subtracted the Government's penalty claim of $892.04, which under the provisions of Section 57, sub. j, of the Bankruptcy Act cannot be exacted.

■ It is well settled that Section 57(j) is applicable in corporate reorganizations under Chapter X. Matter of Pressed Steel Car Company of New Jersey, 3 Cir., 100 F.2d 147, certiorari denied Wick v. State, 306 U.S. 648, 59 S.Ct. 589, 83 L.Ed. 1047; Beardsley & Wolcott Mfg. Co., 2 Cir., 82 F.2d 239, 104 A.L.R. 881.

The Government attempts to avoid the application of Section 57, sub. j, of the Bankruptcy Act by asserting that the lien for the tax and the penalty had been filed prior to the filing of the reorganization petition, and cites the following authorities in support of its position: Grimland v. United States, 10 Cir., 206 F.2d 599; In re Knox-Powell-Stockton Co., Inc., 9 Cir., 100 F.2d 979; Com. of Kentucky ex rel. Unemployment Compensation Comm. v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 266.

The record in this case discloses that the penalty of $892.04 was incorporated in a lien for withholding taxes for the first quarter of 1952, which was filed on July 8, 1952, within four months of the filing of the petition for reorganization (September 16, 1952).

■ This court has ruled in its orders approving and confirming the Trustee's plan of reorganization that the debtor corporation was insolvent. The argument of the Government in this proceeding that Section 57, sub. j, of the Bankruptcy Act does not apply because the penalty was incorporated in a lien filed prior to reorganization is no more sound than was its argument in the Matter of Industrial Machine and Supply Company, Debtor, that it was entitled to post-reorganization interest on taxes which had been reduced to liens prior to reorganization as distinguished from unliened tax claims. In re Industrial Machine & Supply Co., D.C., 112 F.Supp. 261.

In that opinion I stated that I find no basis in law or policy for an arbitrary distinction between tax claims reduced to liens and tax claims not reduced to liens.

The proper rule to be applied in regard to penalties for nonpayment of taxes is clearly enunciated in Volume 3 of Collier on Bankruptcy (14th Edition), page 301, as follows:

"The question of disallowance of penalties arises most frequently in connection with claims for past due taxes. The principle is clear. Even

though the tax claim as such may be valid and allowable, tax penalties and excessive interest for its non-payment will be not allowed."

Numerous decisions have failed to recognize any distinction between a liened or unliened penalty. Matter of 168 Adams Building Corp., D.C., 27 F.Supp. 247, affirmed 7 Cir., 105 F.2d 704, certiorari denied Steinbrecher v. Toman, 308 U.S. 623, 60 S.Ct. 378, 84 L.Ed. 520; People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405; Matter of Pressed Steel Car Company of New Jersey, supra; Com. of Pennsylvania v. York Silk Mfg. Co., 3 Cir., 192 F. 81; United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299; Meilink v. Unemployment Reserves Commission of State of California, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458.

In spite of the decisions to which the government has alluded in other circuits, it is my judgment that the tenor of the law, in the interest of public policy, is aimed to preserve the bankrupt estate from the imposition of penalties which would tend to fritter away its assets.

Thus in People of State of New York v. Jersawit, supra, the United States Supreme Court allowed only the statutory rate of interest at six per cent and disallowed both an additional penalty of ten per cent and one per cent per month. Also, in Matter of Ashland Emery & Corundum Co., D.C., 229 F. 829, it was held that an interest rate of one per cent per month on unpaid state franchise tax was excessive and was reduced to six per cent per annum. A similar ruling as to interest on a state franchise tax was made by the Third Circuit in the Matter of Pressed Steel Car Company of New Jersey, supra.

In view of stipulation between counsel that no loss was sustained by the act out of which the penalty arose, I must conclude that the Government's penalty claim of $892.04 for the mere failure of the taxpayer to file its tax return within the required statutory period should be disallowed.

An appropriate order is entered.