**In the Matter of John URMOS and Julia Urmos, individually and as copartners trading as Urmos Cleaners and Tailors, Bankrupt.**

No. 33099.

United States District Court,
E. D. Michigan, S. D.

Feb. 9, 1955.

Walter I. McKenzie, Detroit, Mich., Referee in Bankruptcy. Fred W. Kaess, U. S. Atty., John Owen, Ass't U. S. Atty., Detroit, Mich., for petitioner.

Benjamin D. Jaffe, Weiswasser Jaffe & Radner, Detroit, Mich., for trustee in bankruptcy.

PICARD, District Judge.

This petition is filed by the United States to review an order of the Referee in Bankruptcy which disallowed delinquency penalties properly assessed and included in a valid lien perfected and filed prior to bankruptcy.

Findings of Fact

The facts are uncontroverted.

On June 16, 1950 and September 15, 1950, petitioner, pursuant to Title 26 U.S.C., §§ 3670, 3671, and 3672 perfected tax liens 54000 and 55009, respectively, against real property of bankrupts securing taxes and penalties as follows:

(a) Withholding taxes and interest for third and fourth quarters of 1948, and first, second, third, and fourth quarters of 1949, plus penalties thereon in the amount of $572.41; and

[1]. 1952 Revision, 35 U.S.C.A. § 287.

(b) Employment taxes and interest for the fourth quarter of 1948, first, second, third, and fourth quarters of 1949, plus penalties thereon in the amount of $148.93.

Total penalties $721.34.

Later, October 20, 1950, an involuntary petition in bankruptcy was filed against bankrupts, individually and as copartners, and order of adjudication entered June 11, 1951.

The only question before this court relates to the above penalties of $721.34, which the Referee held were not allowable because of Section 57, sub. j of the Bankruptcy Act, as amended, 11 U.S.C. A. § 93, sub. j. To this order, petitioner objects.

### Conclusions of Law

 Title 26 U.S.C. § 3612(d) covers "penalties" and upon failure of a taxpayer to file a return as prescribed by law the Commissioner must impose that penalty. National Contracting Co. v. Commissioner of Internal Revenue, 8 Cir., 105 F.2d 488. Thus penalty additions to the bankrupts' taxes so imposed must be allowed unless precluded by 57, sub. j of the Bankruptcy Act.

 The controversy is not novel. The precise question was decided in Commonwealth of Kentucky v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 266 and In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979. In both cases the court held that Section 57, sub. j did not preclude inclusion of tax penalties where a lien existed to support and include the penalty at the time of adjudication. But 57, sub. j has been amended since the above cases were decided and it was because of the amendment that the Referee held that Congress had manifested a clear intent to exclude tax penalties as allowable against the estate of a bankrupt taxpayer.

Let us examine 57, sub. j as "it was" and as "it is" today.

Prior to the 1952 amendment Section 57, sub. j read as follows:

"Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued *thereon* according to law." (Emphasis ours.)

After amendment the section reads:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued *on the amount of such loss* according to law." (Emphasis ours.)

After careful consideration and thorough scrutiny of Section 57, sub. j, we conclude that the 1952 amendment does not manifest a clear congressional intent to make a substantial change. It merely clarifies what had been written before since the substitution of the phrase "on the amount of such loss" for the word "thereon" now makes it more clear that interest is to be allowed only on the amount of the loss sustained as a result of the taxpayer's delinquency. Under these facts part of the "loss sustained" is the penalty. No doubt Congress was mindful of the construction placed on Section 57, sub. j by In re Knox-Powell-Stockton Co. and Commonwealth of Kentucky v. Farmers Bank & Trust Co., supra, which did not bar penalties supported by liens perfected prior to bankruptcy. This conclusion is strengthened by Grimland v. United States, 10 Cir., 206 F.2d 599, at page 601, decided after the 1952 amendment, where the court said:

"It may well be that Congress had in mind that claims for tax penalties should not be allowed in bankruptcy, even though a lien has been perfected before adjudication, but the language of 57, sub. j does not adequately express that intent."

**300**

City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, decided in 1949, and also relied upon by the Referee is not in point. In that case the Supreme Court merely indicated that under 57, sub. j, losses sustained and interest accrued thereon, are allowed only to the day of bankruptcy. In the case at bar, petitioner does not seek allowance of any penalty or interest accruing subsequent to bankruptcy. Therefore, New York v. Saper, supra, is not controlling but may be said to be in complete harmony with the interpretation placed on Section 57, sub. j by our own Court of Appeals in Commonwealth of Kentucky v. Farmers Bank & Trust Co., supra. That decision is binding on this court. If Congress had not been satisfied with the interpretation placed on section 57, sub. j as enunciated by the court at the time it amended 57, sub. j, undoubtedly Congress would have said so. The amendment has nothing to do with such interpretation.

Petition granted and order in conformity with this decision will be issued.