**In the Matter of JOHN S. GOFF, Inc., Bankrupt.**

No. 24261.

United States District Court
D. Maine, S. D.

Aug. 8, 1955.

Silas Jacobson, Portland, Me., Trusteeship, and Herbert H. Sawyer, Portland, Me., for trustee.

Peter Mills, U. S. Atty., Portland, Me., John M. Doukas, Asst. Regional Counsel, Internal Revenue Division, Boston, Mass., John T. Burke, Jr., Chief of Special Proceedings, Office of the District Director of Internal Revenue, Augusta, Me., for the Government.

CLIFFORD, District Judge.

This action comes before this Court upon a petition filed by the Trustee to review an order of the Referee in Bankruptcy, which allowed delinquent tax penalties properly assessed and included in a valid lien perfected and filed prior to bankruptcy.

The facts are undisputed. On January 12, 1954, the Director of Internal Revenue for the District of Maine, filed a proof of claim in the bankruptcy proceedings of John S. Goff, Inc., for withholding and employment taxes for the quarters ending June 30, 1953, and Sep-

tember 30, 1953. The total amount of the claim is $6,447.93. This amount is made up of $5,548.65 tax, $833.40 penalties and $65.88 interest. It was conceded by stipulation between the parties that a notice of tax lien was properly recorded in the appropriate registry of deeds prior to the date the bankruptcy petition was filed.

▇ The sole question presented before this Court is whether a claim for tax penalties seasonably filed by the Director of Internal Revenue is allowable where the notice of tax lien was properly recorded prior to the filing of the bankruptcy petition.

Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j provides that:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

The Trustee, in filing objections to so much of the claim as related to penalties, contends that section 57, sub. j applies and precludes the allowance of a claim for penalties.

The precise question, although of novel impression in this Court, was considered in In re Knox-Powell-Stockton Co., 9 Cir., 1939, 100 F.2d 979 and in Commonwealth of Kentucky ex rel. Unemployment Compensation Comm. v. Farmers Bank & Trust Co., 6 Cir., 1943, 139 F.2d 266. In both cases the court held that even though section 57, sub. j of the Bankruptcy Act precludes the allowance of a claim for penalties, adjudication in bankruptcy does not affect a valid and existing lien, consequently where a lien exists to support a penalty at the time of adjudication, section 57, sub. j does not come into operation. The holding of the Knox-Powell-Stockton case, supra, is

based upon the principle that adjudication in bankruptcy does not interfere with existing valid liens and that the Trustee takes the property of the bankrupt subject to all such liens as would have been enforceable against it in the hands of the bankrupt itself. The Ninth Circuit in this instance stated that this principle was made clear by section 67, sub. d of the Bankruptcy Act of 1898, 11 U.S.C.A. § 107, sub. d.

In the case of In re Burch, D.C.Kan. 1948, 89 F.Supp. 249. The court disagreed with the holding in Knox-Powell-Stockton that section 57, sub. j of the Bankruptcy Act does not apply where a penalty is secured by a lien which arose prior to the institution of a bankruptcy proceeding and held that section 57, sub. j does apply to prevent the enforcement of a federal tax lien securing a penalty. In this decision the court states that the Knox-Powell-Stockton case was based primarily on the provisions of section 67, sub. d of the Bankruptcy Act of 1898, and points out that since section 67, sub. d was repealed by the Chandler Act, the effect of the opinion in Knox-Powell-Stockton is nullified. Another case expressly disagreeing with Knox-Powell-Stockton is In re Hankey Baking Co., D.C.Pa.1954, 125 F.Supp. 673.

This Court believes that the judicial construction placed on section 57, sub. j by the Knox-Powell-Stockton decision more closely indicates the intention of the Congress. In support of this conclusion there is noted the case of Goggin v. Division of Labor Law Enforcement, of California, 1949, 336 U.S. 118, 126, 69 S.Ct. 469, 93 L.Ed. 543, a decision rendered since the Chandler Act, wherein it was stated that liens perfected before bankruptcy are safeguarded by the Bankruptcy Act and to support this statement, the Court cites the Knox-Powell-Stockton case with evident approval.

Furthermore, it is believed that the substance of the provisions of section 67, sub. d, have been incorporated in the redrafted Sections 60, 67 and 70 of the Act. This view was recognized in the

case of Oppenheimer v. Oldham, 5 Cir., 1949, 178 F.2d 386, 389, wherein it was stated:

"It has always been a fundamental principle of the bankruptcy law that the property rights and interests designated as liens and pledges, when valid in bankruptcy, shall not be impaired in the administration of a bankrupt estate. The Chandler Act manifests no intent to deviate from that principle. It is true that in the revision of Sec. 67, sub. d the Chandler Act did not retain the old language saying expressly that liens valid in bankruptcy shall 'not be affected by anything herein', but that provision was simply declaratory of the obvious import reflected, and still reflected, frequently in the substantive terms of the law, and the omission of such redundancy is not significant."

The Tenth Circuit considering the same issue in Grimland v. United States, 1953, 206 F.2d 599, a case decided after the 1952 amendment to section 57, sub. j, followed the reasoning of the Knox-Powell-Stockton case stating at page 601 of 206 F.2d:

"It may well be that Congress had in mind that claims for tax penalties should not be allowed in bankruptcy, even though a lien has been perfected before adjudication, but the language of 57, sub. j, does not adequately express that intent."

This Court's conclusion in this case is strengthened when the 1952 amendment to section 57, sub. j of the Bankruptcy Act is examined. No doubt Congress was mindful of the construction placed on section 57, sub. j by In re Knox-Powell-Stockton Co. and Commonwealth of Kentucky ex rel. Unemployment Compensation Comm. v. Farmers Bank & Trust Co., supra, which did not bar penalties supported by liens perfected prior to bankruptcy. In examining whether Congress intended to spell out a contrary purpose in the amended section, this Court adheres to the rule that as an aid in the construction of a statute, it is to be assumed or presumed that the Legislature was acquainted with, and had in mind the judicial construction of former statutes on the subject, and that the statute was enacted in the light of the judicial construction that the prior enactment had received, or in the light of such existing judicial decisions as have a direct bearing upon it. Such earlier decisions must accordingly be taken into consideration. Thus, in the interpretation of statutory law after an amendment thereof, the courts may take into consideration the construction by earlier decisions of the statute before its amendment. Trullinger v. Rosenblum, D.C. Ark.1954, 125 F.Supp. 758, 768. Accordingly, if the Congress at the time it amended sec. 57, sub. j had not been satisfied with the interpretation placed upon it by Knox-Powell-Stockton and cases following it, undoubtedly Congress would have said so. The amendment, however, does not in any respect affect that interpretation. In re Urmos, D.C.Mich.1955, 129 F.Supp. 298.

It is therefore Ordered, Adjudged, and Decreed that the Order of the Referee be and hereby is affirmed.