
In the Matter of C. J. DICK TOWING
COMPANY, Bankrupt.

No. 2343.

United States District Court
S. D. Texas,
Houston Division.

April 3, 1958.

William B. Butler, U. S. Dist. Atty., and Gordon J. Kroll, Asst. U. S. Dist. Atty., of Houston, Tex., for claimant, U. S. A.

Hutcheson, Taliaferro & Hutcheson, and Thad Grundy, Houston, Tex., for Trustee in bankruptcy.

KENNERLY, District Judge.

This is a hearing in this proceeding in bankruptcy on the petition of claimant, United States of America (for brevity called Government), to review the order of the Referee in Bankruptcy refusing to allow a portion of its claim filed herein. Such claim as filed was for taxes, interest and penalty, with claim of a lien securing same. The Trustee contested and moved to expunge all of the penalty and that portion of the interest which it was claimed accrued after the filing of the petition in bankruptcy. The Referee allowed the taxes as claimed in the sum of $17,217.86, and interest to the time of filing the petition in bankruptcy in the sum of $249.02 and adjudged same to be secured by a lien upon all of the property of the bankrupt and the proceeds of the sale thereof. The Referee refused to allow interest subsequent to the filing of the petition in bankruptcy and the penalty of $2,066.60. The Government filed its petition to review the Referee's Order with respect to the penalty of $2,066.60.

Therefore, the only question for decision here is whether the Government's claim for such penalty is allowable and should have been allowed by the Referee under the Bankruptcy Act, and particularly under Section 93, sub. j, Title 11, U.S.C.A. (Bankruptcy Act, Sec. 57, sub. j), as follows (italics mine).

"93(j) Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture *shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding* out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on

the amount of such loss according to law."

The Government in its claim filed herein does not claim to have sustained any pecuniary loss such as is mentioned in Section 93, sub. j, nor is there any evidence or stipulation that it did. It is reasonable to assume, therefore, that the Government will be fully compensated by the interest allowed by the Referee.

The Record shows the following fact findings of the Referee:

(a) That notices of the Government lien were filed and recorded on the Federal Tax Record of Harris County, Texas, where bankrupt had its principal office, on January 4, 1954 and January 28, 1954.

(b) That the petition in bankruptcy was filed herein February 15, 1954, and the bankrupt was adjudicated a Bankrupt February 20, 1954.

(c) That the penalty of $2,066.60 "was assessed against the Bankrupt on August 24, 1953, for failure to pay the taxes then owing and due and here claimed by the Government."

(d) That if such penalty is allowed there are sufficient funds belonging to the estate to pay same.

(e) The part of the Referee's Findings of Fact material here are quoted in the margin.[1]

■ It will be observed that the Referee made no finding of whether the Government did or did not sustain a pecuniary loss by reason of the failure of the Bankrupt to pay such taxes, but of this the Government did not complain, nor did the Government request such a finding. Indeed the Government in its petition to review does not complain of any of the Referee's Findings of Fact, but only his Conclusions of Law on the facts as found by him. The Referee's Findings of Fact must be treated as unassailable here. Phillips v. Baker, 5 Cir., 165 F.2d 578.

(1) Under these circumstances I do not think such penalty of $2,066.60 is provable in bankruptcy under Section 93, sub. j, Title 11, U.S.C.A. (Sec. 57, sub. j of the Bankruptcy Act) hereinabove quoted, and hold that the Referee was right in refusing to allow same.

■ 2. But the Government, citing a number of cases [2] contends that such penalty is secured by a lien, notice of which was given, as the Referee finds, and that Section 93, sub. j (57, sub. j of the Bankruptcy Act) is not applicable. I cannot

I. Note 1. Findings of Fact Nos. 5, 6, 8 and 12 of the Referee are as follows:

"5. A notice of Federal tax liens securing payment of the first three items of Paragraph 4 above, in the total sum of Ten Thousand Six Hundred Fifty Nine and 69/100 Dollars ($10,659.69), was filed in the Federal Tax Lien Records of Harris County, Texas, on January 4, 1954, and was duly recorded in Volume 13, page 575, of said Federal Tax Lien Records on the same date.

"6. A notice of Federal Tax Liens securing the payment of the last three items of Paragraph 4 above, in the total sum of Eight Thousand Eight Hundred Seventy Three and 79/100 Dollars ($8,-873.79), was filed in the Federal Tax Lien Records of Harris County, Texas, on January 28, 1954, and was duly recorded in Volume 13, page 613, of said Federal Tax Lien Records on January 29, 1954."

"8. If the penalty claimed by the United States is allowed, there will be sufficient funds in the estate realized

by the Trustee from sales of property subject to the liens of the United States to pay said penalty in full."

"12. The penalty of Two Thousand Sixty Six and 60/100 Dollars ($2,066.60) which is the subject of this proceeding was assessed against the Bankrupt on August 24, 1953, for failure to pay the above described tax when due."

2. The cases cited by the Government are as follows: Commonwealth of Kentucky v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 266; Gardner v. State of New Jersey, 329 U.S. 565, 67 S.Ct. 467, 91 L. Ed. 504; Goggin v. Division of Labor, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543; Grimland v. United States, 10 Cir., 206 F.2d 599; In re Hankey Baking Co., D.C., 125 F.Supp. 673; In re John S. Goff, Inc., D.C., 141 F.Supp. 862; In re Knox-Powell-Stockton Co., 9 Cir., 100 F. 2d 979; City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710; In re Pollard Bros., D.C., 128 F.Supp. 818; In re Urmos, D.C., 129 F.Supp. 298.

so agree. I think Section 93, sub. **j**, closes the door of a Court of Bankruptcy against all claims for penalties, whether they be secured or unsecured, unless the claimant shows some pecuniary loss, etc. As has been pointed out, no pecuniary loss by the Government is shown here.

I cannot follow the majority opinion in Commonwealth of Kentucky v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 266, nor other similar cases cited by the Government. I think the law is as stated in the minority opinion in Commonwealth of Kentucky v. Farmers Bank & Trust Co.

This view is supported by Gardner v. State of New Jersey, 329 U.S. 565, 67 S.Ct. 467, 475, 91 L.Ed. 504, cited by the Government. There a State was presenting a claim in a Railroad Reorganization Proceeding in a Court of Bankruptcy, and the main question was whether such Bankruptcy Court had jurisdiction to fully pass upon such claim. The Supreme Court in deciding that question uses this language:

"(3) The reorganization court may also adjudicate questions pertaining to the amount of a tax claim secured by a lien without crossing the forbidden line marked by Arkansas Corporation Commission v. Thompson, supra [313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244]. There is, for example, the question of whether the amount of the claim has been swollen by the inclusion of a forbidden penalty and thus to that extent does not meet the bankruptcy requirements for proof and allowance of claims. Section 57, sub. j of the Bankruptcy Act provides that debts owing a State as a 'penalty or forfeiture' shall not be allowed. What

claims accruing before bankruptcy and sought to be proved by a State are 'penalties', People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, and what are not, Meilink v. Unemployment Reserves Commission, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458; the applicability of 57, sub. j to reorganize under § 77; the liability of the estate for penalties incurred by the trustee in the operation of the business, Boteler v. Ingels, 308 U.S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78, 442; what interest, if any, accrues after the petition for reorganization has been filed, Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237 [91 L.Ed. 162], are all questions for the reorganization court."

See also Goggin v. Division of Labor Law Enforcement of California, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543; New York v. Jersawit, 263 U.S. 493; In re Hankey Baking Co., D.C., 125 F.Supp. 673; In re Burch, D.C., 89 F.Supp. 249. In Re Hankey Baking Company the identical question of the meaning of Section 93, sub. j, was presented, and citing People of State of New York v. Jersawit, the court (District Court, Western District of Pennsylvania) held that a penalty, even though secured by a lien, cannot be allowed in bankruptcy under such section unless pecuniary loss be shown. Such also was the holding In re Burch (U. S. District Court for the District of Kansas).

■ From what has been said it follows that the Order of the Referee refusing to allow the claim of the Government for penalty in the sum of $2,066.60 should be, and it is affirmed.