In the Matter of Wilfred J. PARCHEM and Harold N. Langdon, dba Aladdin Food Plan, a co-partnership, Bankrupt.
No. 20276.

United States District Court
D. Minnesota,
Fourth Division.
Aug. 12, 1958.

Gerald E. Magnuson, of Larson, Loevinger, Lindquist, Freeman & Fraser, Minneapolis, Minn., for trustee in Bankruptcy.

Kenneth G. Owens, Asst. U. S. Atty., St. Paul, Minn., for the United States.

NORDBYE, Chief Judge.

This proceeding comes before the Court upon a petition to review the or-der of the Referee in Bankruptcy dated February 7, 1958.

On September 3, 1954, Wilfred J. Parchem and Harold N. Langdon, doing business as Aladdin Food Plan, a co-partnership, were adjudged bankrupt. On May 14, 1954, the Director of Internal Revenue in St. Paul received assessment lists showing that the partnership was indebted to the Government in the sum of $808.84 for withholding and employment taxes for the first quarter of 1954. On July 8, 1954, a notice of a federal tax lien for $808.84 was filed pursuant to Sections 3670–3672, Internal Revenue Code of 1939, 26 U.S.C.A. §§ 3670–3672. This sum did not include interest and penalty which was subsequently computed, but the notice did state:

"Pursuant to the provisions of Sections 3670, 3671, and 3672 of the Internal Revenue Code of the United States, notice is hereby given that there have been assessed under the Internal Revenue laws of the United States against the following-named taxpayer, taxes (including interest and penalties) which after demand for payment thereof remain unpaid, and that by virtue of the above-mentioned statutes the amount (or amounts) of said taxes, together with penalties, interest, and costs that may accrue in addition thereto, is (or are) a lien (or liens) in favor of the United States upon all property and rights to property belonging to said taxpayer. * * * "

On January 14, 1955, a date within the allotted period for filing claims in bankruptcy, the District Director of Internal Revenue filed a claim for $850.63 (Claim No. 25). This amount represented the aforementioned unpaid withholding and employment taxes, plus a five per cent delinquency penalty for $40.44, and lien filing fees of $1.35. On December 28, 1956, approximately nine months after the expiration of the period allotted for filing claims, the District Director filed a "Supplemental Proof of

Claim" (Claim No. 38) for $561.40 for withholding and employment taxes of the bankrupt for the year ending June 30, 1954. This claim included an interest item of $2.79, representing interest at six per cent from June 30, 1954, to September 3, 1954, the date of bankruptcy.

On January 10, 1957, the District Director filed Claim No. 39, which was denominated as an "Amended Proof of Claim." However, it merely incorporated Claims Nos. 25 and 38 into a single claim. In addition, the claim asked for $135.40 in post bankruptcy interest upon the $850.63 lien claim allegedly owing as taxes, penalty and filing fees for the first quarter of the calendar year 1954.

The Trustee challenged the Government's right to the $40.44 included in the Government's claim as penalty, the right to post bankruptcy interest on the lien claim No. 25, and the claim for $561.40 (Claim No. 38) which was filed after the expiration of the allotted period for filing claims in the bankruptcy proceeding. The Referee, however, sustained the Government's claim in all respects with this summary:

"1. The Government's Tax Lien Notice is adequate. The Referee thinks that the preliminary portion of the Notice sufficiently discloses the Government's claim for penalty, interest and costs to import notice thereof. By the whole Notice, every mortgagee, pledgee, purchaser and judgment creditor was placed on inquiry with reference to the items mentioned. The Notice was filed in St. Paul. The Director of Internal Revenue for this District, who filed the Notice, has offices in St. Paul. It seems certain that a reasonably intelligent and prudent person, after so being placed on inquiry, would encounter little, if any, difficulty in ascertaining the total amount of the lien claimed.

"2. The trustee's objection to the penalty claimed by the Government should be overruled.

"3. The trustee's objection to Claim No. 38, on the theory that it introduces a different cause of action than is asserted in Claim No. 25, should be overruled. Both claims accrued and are for tax liabilities incurred in the same taxable year, whether fiscal ending July 1, 1954, or calendar ending December 31, 1954.

"4. The trustee's objection to post bankruptcy interest should be overruled.

"The Referee further concludes that since claims numbered 25 and 38 are consolidated in Claim No. 39, they should be stricken from the claim register in this proceeding and that the Order made herein should apply only to Claim No. 39, * *."

In that there are three distinct questions which arise, they will be considered separately.

### I.

#### The Penalties Question

At the outset it seems clear that the Trustee's contention that the Government's lien was only for the specific amount listed in the lien claim cannot be sustained. Section 3670, Internal Revenue Code of 1939, provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Clearly, the words "interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto" indicate a legislative intent to grant a lien in excess of the actual amount of the tax. In that interest and penalties may not be ascertainable when the assessment is made, it necessarily follows that the word "includ-

ing" as used in the statute contemplates the addition of these amounts when they are determinable. But granted that the Government has a valid lien for the amount of the tax, together with the statutory penalty, the question arises whether Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, applies to the $40.44 penalty in this case. This section reads:

> "Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

Both the Trustee and the Government support their respective positions as to this question with numerous decisions. It may be conceded that the weight of authority seemingly favors the Government's position. Grimland v. United States, 10 Cir., 1953, 206 F.2d 599; Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., 6 Cir., 1943, 139 F.2d 266; In re Knox-Powell-Stockton Co., Inc., Ltd., 9 Cir., 1939, 100 F.2d 979; In re Urmos, D.C.E.D.Mich. 1955, 129 F.Supp. 298; In re John S. Goff, Inc., D.C.D.Me.1955, 141 F.Supp. 862. However, I am convinced that the reasoning of the cases which support the Trustee's position is more persuasive, although they are all opinions of the District Courts. In re Burch, D.C.D.Kan. 1948, 89 F.Supp. 249; In re Hankey Baking Co., D.C.W.D.Pa.1954, 125 F.Supp. 673; In re Lykens Hosiery Mills, Inc., D.C.S.D.N.Y.1956, 141 F.Supp. 895; In re C. J. Dick Towing Company, D.C.S.D. Tex.1958, 161 F.Supp. 751. And see In re Mill City Plastics, D.C.Minn.1955, 129 F.Supp. 86, affirmed Northtown Theatre Corp. v. Mickelson, 8 Cir., 226 F.2d 212.

The Government admits that the item of $40.44 is a penalty. Moreover, it has not established that it has sustained any pecuniary loss by reason of the bankrupt's failure to pay the tax lien claim of $808.84 outside of the interest thereon. It reasons that Section 57, sub. j does not operate upon perfected liens regardless of the fact that a portion of the lien has come into existence by way of a penalty. In other words, the Government recognizes that Section 57, sub. j is applicable to a penalty on a federal tax claim not perfected by a lien before bankruptcy. But where a tax lien has been perfected and such lienholder is not required to file a proof of claim within the time allotted to unsecured creditors, it is urged that Section 57, sub. j does not apply.

In considering this question, some courts seem to find an inconsistency or a conflict between Sections 60–67 and 70 of the Bankruptcy Act and Section 57, sub. j, and in effect conclude that by implication Section 57, sub. j with reference to tax lien penalties has been rendered inoperative thereby. Grimland v. United States, supra; Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., supra; In re Knox-Powell-Stockton Co., Inc., Ltd., supra. However, there seems to be scant bases for such a conclusion. The mere fact that Congress provided that the Government should be clothed with a perfected tax lien upon complying with certain statutes does not mean that as to such liens it intended to render inoperative a broad and comprehensive statute which denies to a sovereign the right to collect tax penalties in a bankruptcy court. However, I do not find it necessary to discuss in detail the various approaches that the different courts have made to this problem. Suffice it to say that the most cogent argument in support of the Government's position is that Congress did not intend that Section 57, sub. j, should apply to government tax liens because valid liens at the commencement of bankruptcy have always been preserved. But it would seem that that well-established principle does not divest the Bankruptcy Court of the power and duty to determine the validity

of such liens. There is nothing sacrosanct about an existing lien at the commencement of bankruptcy. Fraud may vitiate it. The inclusion of usurious interest may be fatal to it. And as the court observed in Gardner v. State of New Jersey, 329 U.S. 565, 576, 67 S.Ct. 467, 473, 91 L.Ed. 504, with respect to liens, "It has long been a function of the bankruptcy court to ascertain their validity and extent and to determine the method of their liquidation."

■ Basically, it would seem that the question may be determined on the premise that there is no reason to believe that Congress intended to distinguish between secured and unsecured creditors in passing Section 57, sub. j. The primary purpose of the bankruptcy law is to accomplish an equitable distribution of the assets among creditors. The latter should not be entitled to share in the bankruptcy estate beyond that which they have contributed to the bankrupt before the advent of bankruptcy. Penalties do not necessarily reflect any monetary loss to one who exacts them. In the case of taxes, penalties are provided in the statutes so as to insure payment within the allotted period for payment; otherwise a sum greater than that actually due as taxes will be exacted. To allow tax penalties as claims in bankruptcy, however, will not penalize an insolvent delinquent taxpayer, but rather inflict injury upon the other creditors who will have their equitable interest in the estate reduced accordingly. Consequently, it is difficult to understand that Congress intended to differentiate between a secured and unsecured claim of the sovereign when it enacted Section 57, sub. j. The reasoning of Judge Simons in his dissenting opinion in Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., supra, in his analysis of Section 57, sub. j seems more realistic and persuasive than the reasoning in which the courts have indulged holding to the contrary. He stated, 139 F.2d at pages 267–68,

"I agree with the opinion of the majority that the exaction imposed by Kentucky law for failure to pay past-due unemployment contributions constitutes a penalty. I am unable to agree that § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, does not come into operation because the Bankruptcy Act preserves liens valid under state law, and this with all due respect for the views of my associates and the opinion of the Circuit Court of Appeals for the Ninth Circuit in the Knox-Powell-Stockton Company case.

"A lien is a charge upon property for the payment or discharge of a debt. It is therefore dependent upon the existence, the amount of, and the provability of the debt. If the debt has been paid or otherwise expunged as for fraud or by set-off, the lien is extinguished. An inchoate lien does not ripen into security until a debt comes into existence. In the case of private liens, it may be impermissible to prove a debt because of the Statute of Frauds or the running of the Statute of Limitations.

"Section 57, sub. j, provides that debts owing to the United States or any state or subdivision thereof, as a penalty or forfeiture, shall not be allowed except for the amount of pecuniary loss sustained. I am unable to see how a lien, however valid it may be under state law, will breathe life into an unprovable debt in the face of a provision which deals expressly with debts owing to any state or subdivision. The two provisions of the Bankruptcy Act are not irreconcilable. The tax lien is preserved to the extent that it does not include a penalty and the tax debt, other than the amount of the penalty, is provable. To the extent that the debt is not provable in bankruptcy, the lien ceases for all practical purposes to exist. * * *"

And in passing it may be noted that the language of the Supreme Court in Gardner v. State of New Jersey, supra, although it may be characterized as dicta, lends support to the view that that court did not distinguish between secured and unsecured claims in considering Section 57, sub. j, when it stated, 329 U.S. at page 580, 67 S.Ct. at page 475,

"The reorganization court may also adjudicate questions pertaining to the amount of a tax claim secured by a lien without crossing the forbidden line marked by Arkansas Corporation Commission v. Thompson, supra [313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244]. There is, for example, the question whether the amount of the claim has been swollen by the inclusion of a forbidden penalty and thus to that extent does not meet the bankruptcy requirements for proof and allowance of claims. Section 57, sub. j of the Bankruptcy Act provides that debts owing a State as a 'penalty or forfeiture' shall not be allowed."

Moreover, it is not without some significance, at least, that Section 6326(3), 26 U.S.C.A., although it first appears in the 1954 Internal Revenue Code, which is a cross reference in the subchapter on Liens and Taxes, makes this notation: "For limit on amount allowed in bankruptcy proceedings on debts owing to the United States, see section 57(j) of the Bankruptcy Act, as amended."

■ My conclusion is, therefore, that in view of the fact that the Government has failed to establish any pecuniary loss by reason of the bankrupt's failure to pay withholding and employment taxes in the sum of $808.84 for the first quarter of 1954, the penalty of $40.44 cannot be allowed as a claim in the above proceeding. The Referee found that Section 57, sub. j does not apply to penalties included in a perfected tax lien, but his conclusions in that regard should not be sustained.

## II.

### Post Bankruptcy Interest

■ There is no statutory authority which prevents an allowance of post bankruptcy interest upon a perfected lien. Section 57, sub. j, as amended in 1952, denies the allowance of a penalty in absence of a showing of pecuniary loss, but it does not pertain to the question of interest except interest on the amount of the pecuniary loss sustained as a result of the taxpayer's delinquency; that is, if the "penalty or forfeiture" is sustained as a pecuniary loss, then such "penalty or forfeiture" will bear interest according to law. Consequently, in determining the question of post bankruptcy interest on the Government's perfected lien claim, less the $40.44 penalty, we must consider factors other than Section 57, sub. j. The general rule with regard to post bankruptcy interest is that it is not allowable. But where there is a perfected lien there are three recognized exceptions: (1) Where the security has not been sold but has produced interest; (2) where the estate turns out to be solvent and is sufficient to pay all creditors; and (3) where the value of the security is more than sufficient to pay principal and interest to the date and payment of the claim secured thereby. In re Lykens Hosiery Mills, Inc., supra, 141 F.Supp. at page 897.

■ In the Lykens case, however, the court held that a government tax claim reduced to a lien does not fall within the third exception because it is a mere general lien for which no specific property is placed under lien; that is, it is not a lien where the specific security was the result of a voluntary transaction between a debtor and a creditor. However, I doubt that the distinction between a consensual lien and a non-consensual lien has any pertinency when the question of post bankruptcy interest on a perfected tax lien is being considered. Here, the Government has a perfected statutory lien upon all property and rights to property belonging to the bank-

rupt. By virtue of Section 3670, 1939 Internal Revenue Code, the lien bears interest to the payment thereof. That construction of the statute as to the intent to allow interest until payment seems evident. The lien of the Government has a status equal to that of specific liens. See United States v. City of New Britain, 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520; United States v. R. F. Ball Construction Co., Inc., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510; United States v. White Bear Brewing Co., 352 U.S. 1010, 76 S.Ct. 646, 100 L.Ed. 871.

Once it is recognized that a perfected federal tax lien occupies the same status as a specific lien, it would seem that where, as here, the proceeds of the security which is subject to the government lien is more than sufficient to pay the principal and accrued interest, the same consideration with reference to post bankruptcy interest must be accorded to the Government's lien as that which is accorded to the consensual specific lien.

I conclude, therefore, that the Government should be allowed post bankruptcy interest on its lien claim, less, however, the penalty item included therein. As to this ruling, I am in accord with the conclusion reached by the Referee.

### III.

### Amendment

■■■ The remaining question pertains to the validity of the Referee's order permitting the Government to amend its claim after the claim-filing period had expired. This pertains to the claim of $561.40 which represents the withholding and employment tax for the second quarter of the year 1954. The controlling factor in the determination of this question is that the Government did file its claim for the taxes due for the first quarter of 1954 within the allotted claim period. That fact distinguishes the present case from the factual situation before the court in Re Lewis J. Glazer, Inc., D.C. Mass.1951, 95 F.Supp. 472, upon which the Trustee relies, and wherein, although the tax claim had been scheduled by the bankrupt, the Government never filed a claim within the allotted period and therefore there was nothing to amend. Here, the amendment allowed by the Referee pertained to the second quarter of the withholding and employment tax for the year 1954. The claim as to the first quarter was timely filed. The duty to continue the payment of these taxes during the second quarter of 1954 remained. The obligation was therefore one of a continuous nature for the year in question, although for convenience payable quarterly. The first and second quarter taxes for the year 1954 due the Government were therefore a part of the same obligation. Industrial Commissioner of New York v. Schneider, 2 Cir., 1947, 162 F.2d 847. Considerable liberality should be allowed the Bankruptcy Court in approving amendments to tax claims. Menick v. Hoffman, 9 Cir., 1953, 205 F.2d 365.

It follows from the foregoing that the Referee's allowance of the amended claim must be sustained.

The Court concludes, therefore, that the Referee's order which is before this Court on a petition for review should be in all things sustained, except as to the item of penalty in the sum of $40.44 included in the tax lien and the interest thereon. It is so ordered. An exception is allowed.