### In the Matter of TOM'S VILLA ROSA, INC.
### No. 29659.

United States District Court
D. Connecticut.
Oct. 3, 1961.

Frank S. Meadow, New Haven, Conn., for debtor.

Robert C. Zampano, U. S. Atty., East Haven, Conn., by James O'Connor, Asst. U. S. Atty., Hartford, Conn., for petitioner.

BLUMENFELD, District Judge.

This is a proceeding to review an order of the referee in bankruptcy which disallowed the government's claim for tax penalties imposed against the bankrupt by the District Director of Internal Revenue for the District of Connecticut.

The facts are not disputed. Debtor, prior to bankruptcy, incurred liability to the government for unpaid taxes and penalties in excess of $10,000. The amount of said penalties constituting the item presently in dispute totalled $69.35. Notice of a federal tax lien covering the taxes and penalties was filed with the Town Clerk in the Town where debtor resided on August 18, 1960. On the same day, notice of levy was served on the Sheriff of Milford, Connecticut, claiming funds totalling $1,522 which at the time were held pursuant to a prior attachment by a creditor of the bankrupt. The petition for arrangement was filed on the following day. By order of the referee this $1,522 was thereafter turned over to the District Director. On his records he applied $69.35 against penalties and $1,452.65 against the unpaid taxes. The balance of taxes due as thus computed by the District Director was submitted as a claim against the estate. The referee by order of July 11, 1961 reduced this claim by $69.35, the amount of the penalty.

The referee in his findings and conclusion determined that the tax penalty of $69.35 was not secured by a lien and that the penalty was not, therefore, allowable under Section 57, subsection j, of the Bankruptcy Act.[1] The government appears now to contest this conclusion alleging that the filing and levy on the cash perfected and made choate their lien. For this reason they assert that the provisions of 57, sub. j are not applicable.

The specific claim is that the referee erred in disallowing the tax penalty of $69.35. Whether the government's claim for tax penalties should be allowed is governed by Section 57, subsection j, of the Bankruptcy Act, 11 U.S.C.A. § 93.

Authority exists to support the contention of the government to the effect that, where a lien is perfected upon pen-

---

1. § 57. Proof and Allowance of Claims.
"j. Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

alties prior to bankruptcy then the limitation of 57, sub. j is not applicable and the situation is controlled by 67, sub. b.[2] Commonwealth of Kentucky ex rel. Unemployment Compensation Comm. v. Farmers Bank & Trust Co., 6 Cir., 1943, 139 F.2d 266, 267; In re Knox-Powell-Stockton Co., 9 Cir., 1939, 100 F.2d 979, 983. Grimland v. United States, 10 Cir., 1953, 206 F.2d 599, 600–601; In re Urmos, D.C.E.D.Mich.1955, 129 F.Supp. 298; In re John S. Goff, Inc., D.C.Me. S.D.1955, 141 F.Supp. 862. However, these cases do not represent the unanimous view. Rather, they assert only one side of what appears to be a major split of authority. The opposing view is expressed in the cases of United States v. Harrington, 4 Cir., 1959, 269 F.2d 719, 724, 726; United States v. Phillips, 5 Cir., 1959, 267 F.2d 374, 376–378; Commonwealth of Kentucky ex rel. Unemployment Compensation Comm. v. Farmers Bank & Trust Co., supra, (dissenting opinion); In re Hankey Baking Co., D.C. W.D.Pa.1954, 125 F.Supp. 673. All these cases have held that a penalty, whether secured or not, is not provable due to the limitation imposed by 57, sub. j and that 67, sub. b is inapplicable to liens securing penalties. The question has not reached the Court of Appeals of the Second Circuit. The first reported case to deal with the question in this circuit was In re Lykens Hosiery Mills, D.C.S.D.N.Y.1956, 141 F.Supp. 895, 898, where Judge Levet decided the issue against the District Director. His opinion pointed out that "The Second Circuit has expressly held in an analogous situation involving a penalty claim which was incorporated in a judgment that it could determine the provability of the underlying debt, and that since the underlying debt represent[ing] a penalty which was barred by Section 57, sub. j, the judgment could not be allowed as a provable claim. In re Abramson, 2 Cir., 1914, 210 F. 878." In re Lykens Hosiery Mills, supra, 141 F. Supp. at page 899.

This latter view likewise finds support by way of dictum in the Supreme Court of United States decision of Gardner v. State of New Jersey, 1947, 329 U.S. 565, 580, 67 S.Ct. 467, 475, 91 L.Ed. 504. "The reorganization court may also adjudicate questions pertaining to the amount of a tax claim secured by a lien without crossing the forbidden line marked by Arkansas Corporation Commission v. Thompson, (supra) [313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244]. There is, for example, the question whether the amount of the claim has been swollen by the inclusion of a forbidden penalty and thus to that extent does not meet the bankruptcy requirements for proof and allowance of claims. Section 57, sub. j of the Bankruptcy Act provides that debts owing a State as a 'penalty or forfeiture' shall not be allowed." Cited in United States v. Harrington, (supra), 269 F.2d at pages 725, 726; United States v. Phillips, (supra), 267 F.2d at pages 377–378; In re Parchem, D.C. Minn.1958, 166 F.Supp. 724, 729.

This court subscribes to the interpretation of 57, sub. j adopted by the 4th and 5th Circuits and by Judge Levet. The basis for this conclusion is well expressed in In re Parchem, supra, 166 F. Supp. at page 728. "Basically, it would seem that the question may be determined on the premise that there is no

---

2. § 67. Liens and Fraudulent Transfers.
 "b. The provisions of section 60 of this Act to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition initiating a proceeding under this Act by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of the property, they shall instead be perfected by filing notice with the court."

reason to believe that Congress intended to distinguish between secured and unsecured creditors in passing Section 57, sub. j. The primary purpose of the bankruptcy law is to accomplish equitable distribution of assets among creditors. The latter should not be entitled to share in bankruptcy beyond that which they have contributed to the bankrupt before the advent of bankruptcy. Penalties do not necessarily reflect any monetary loss to one who exacts them. In the case of taxes, penalties are provided in the statutes so as to insure payment within the allotted period for payment; otherwise, a sum greater than that actually due as taxes will be exacted. To allow tax penalties as claims in bankruptcy, however, will not penalize an insolvent delinquent taxpayer, but rather inflict injury upon the other creditors who will have their equitable interests in the estate reduced accordingly. Consequently, it is difficult to understand that Congress intended to differentiate between a secured and unsecured claim of the sovereign when it enacted Section 57, sub. j."

 Merging a penalty into a judgment does not change the underlying character of a penalty. In re Abramson, supra. Obtaining a general unsecured lien which covers both the tax and the penalty on the tax does not change the character of the penalty sufficiently to evade the exclusionary provisions of 57, sub. j. In re Lykens, supra.

No explanation is made why the further step of an actual levy by virtue of such a lien which yields an amount insufficient to cover all of the tax liability should permit the District Director to apply the funds so obtained first against the penalty instead of first against the tax. To permit such internal bookkeeping procedure to have the effect of determining the character of the balance of tax owed would enable the District Director to thwart the Congressional policy prohibiting the allowance of a penalty claim in bankruptcy as enacted in 57, sub. j. That the government so notes its own records is hardly a reason for a departure from the general rule.

It is clear from the documents submitted by the government with its brief that $69.35 of the funds obtained by levy was applied by it against tax penalties. The refereee rightly refused to permit the government to include that amount to enlarge its tax claim.

Order of the referee affirmed and petition dismissed.